IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WONDERLAND NURSERYGOODS CO., LTD., <br>   Plaintiff, <br> v. <br> KIDS II, INC., <br>   Defendant. | CIVIL ACTION FILE <br> NO. 1:13-CV-1114-TWT |

**OPINION AND ORDER**

This case is before the Court on the Defendant's motion for partial summary judgment for non-infringement of one of the three patents at issue in this case. Although the Court has construed the disputed claims, there remains a question of fact as to whether the Defendant's accused products fall within the claim limitations of the Plaintiff's patent. Accordingly, the motion for partial summary judgment should be denied.

**I.  Background**

The Plaintiff, Wonderland Nurserygoods Co., Ltd., and the Defendant, Kids II, Inc., both produce a range of children's products, including playpens. Wonderland

holds U.S. Patent No. RE43,919 ("the '919 Patent"), which provides for a playpen with positioning posts that hold the fabric outer wall of the playpen in place. Although Kids II argues that the primary purpose of the playpen outlined in the '919 Patent is a playpen with exposed outer poles, the patent itself states that "the object of the present invention is to provide a baby crib that can be easily assembled, that has a fabric member effectively positioned on a bed frame structure, and that has an appealing appearance."[1]

Kids II argues that no reasonable juror could find that its accused products[2] could infringe on the '919 patent because Kids II's playpens have fabric side panels that make substantial contact with the outside of the support rods of the playpen. Wonderland, however, argues that the '919 Patent is not limited to a playpen with exposed outer columns, and further argues that the Accused Playpens use fabric that is separate from the side panels to cover the outer columns, making the comparison to the side panels of the '919 playpen inappropriate.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists

---

[1] ('919 Patent; 1:43-46).
[2] The allegedly infringing playpens are Kids II's model numbers 7066-NA and 60286-NA (the "Accused Playpens" or "Accused Products").

and that the movant is entitled to judgment as a matter of law.[3] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[4] The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.[5] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[6] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[7]

### III. Discussion

Kids II argues that no reasonable jury would find that Kids II's Accused Playpens infringe on the '919 Patent. The Accused Playpens infringe on the '919 Patent if they incorporate every limitation of a claim, either literally or through the doctrine of equivalents.[8] If one claim limitation is not met, then there is no literal

---

[3] FED. R. CIV. P. 56(c).
[4] Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).
[5] Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).
[6] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).
[7] Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).
[8] MicroStrategy Inc. v. Business Objects, S.A., 429 F.3d 1344, 1352 (Fed. Cir. 2005) (citing Nazomi Commc'ns, Inc. v. Arm Holdings, PLC, 403 F.3d 1364, 1732 (Fed. Cir. 2005)).

infringement.[9]

Here, the parties focus on the limitations in independent claims 15 and 20 and dependent claims 19, 21, 27, 28, and 29. Claim 15 provides:

> A baby crib comprising:
>
>> a plurality of upright tubes defining corners of the baby crib, wherein each of the upright tubes has an outer wall that defines an outer contour shape of the upright tube; and
>>
>> an enclosure member including a plurality of side panels contiguously connected to one another along edge portions and surrounding an enclosed space adapted for receiving a baby therein; and
>>
>> a plurality of positioning posts provided on the enclosure member at locations corresponding to the edge portions of the enclosure member, wherein the positioning posts are lodged inside the upright tubes, the side panels extending between the upright tubes substantially out of contact with the outside surfaces of outer walls of the upright tubes, such that the outwardly facing surface of each of the upright tubes is exposed on an outside of the enclosure member.[10]

Claim 19 is dependent on claim 15. Separately, claim 20 provides:

> A baby crib comprising:
>
>> a frame structure including a plurality of support tubes, wherein each of the support tubes has an outer wall that defines an outer contour shape of the upright tube;
>
> an enclosure member including a plurality of side panels having edge portions; and

---

[9] Id. (citing Mas-Hamilton Group v. LaGard, Inc., 156 F.3d 1206, 1211 (Fed Cir. 1998)).

[10] ('919 Patent; 5:6-24).

> an attachment structure configured to mount and secure the edge portions of the enclosure member along the support tubes,
>
> whereby the side panels surround an enclosed space, and each of the side panels extends generally between two of the support tubes substantially out of contact with outwardly facing surfaces of the outer walls thereof, such that the outwardly facing surface of each of the upright tubes is exposed on an outside of the enclosure member.[11]

Claims 21, 27, 28, and 29 are dependent upon claim 20. Thus, Kids II argues that the side panels in the '919 Patent are "substantially out of contact with the outside surface of the outer walls of the tubes, such that the outwardly facing surface of each of the tubes is exposed on the outside of the fabric enclosure of the playard."[12]

Kids II's Accused Playpens have rail covers or fabric flaps protecting the outer edges of the columns. According to Kids II, in the Accused Products, "the side panels or walls of the boundary sheet extend up and over the top rails of the playard, and the fabric of the side panels … makes contact with the outwardly facing surface of the vertical legs of the playard."[13] Likewise, "the fabric of the side panels in each of the Accused Products rely on the outwardly [sic] facing of the vertical legs for support because the fabric is stretched over the top rails and connected to the outwardly facing surface of the vertical legs via hook and loop straps."[14] Thus, the outer columns on the

---

[11] ('919 Patent; 5:37-6:8).
[12] (Def.'s Br. in Supp. of Mot. for Partial Summ. J., at 5).
[13] (Id. at 10).
[14] (Id.)

Accused Products are not exposed, and Kids II contends that no reasonable jury could find that the Accused Products infringe on the '919 Patent.

Wonderland contends that summary judgment is inappropriate for two reasons. First, Wonderland contends it is entitled to discovery under Rule 56(d) before the Court grants summary judgment concerning the Accused Products. According to Wonderland, Kids II's Accused Playpens only introduced a "rail cover" in 2014 and, because of that, Wonderland has not obtained discovery on the "rail cover" apparatus. Wonderland requests discovery on what the "rail cover" is and does. Next, Wonderland argues that there is a question of fact precluding summary judgment. This is because the rail covers and fabric flaps used in the Accused Playpens may not be equivalent to the side panels claimed in the '919 Patent. If, as Wonderland contends, the rail covers and fabric flaps are additional elements of the playpens unrelated to the side panels, Kids II cannot avoid infringement by adding elements to its Accused Products, as the language of both claims 15 and 20 use the word "comprising," which is an open transition word.

The Court agrees that there is an issue of fact precluding summary judgment here. Kids II's primary assertion is that the outside surfaces of the outer columns of its Accused Playpens are not substantially out of contact with the side panels, or fabric walls, of the playpens. As noted, both claims 15 and 20 of the '919 Patent provide "an

enclosure member including a plurality of side panels" whereby "the side panels extending between the upright tubes [are] substantially out of contact with the outside surfaces of outer walls of the upright tubes."[15] In these claims, the "side panels" serve as the walls of the playpen. Claim 20 specifically provides for "an enclosure member including a plurality of side panels."[16] Because the side panels are substantially out of contact with the outer surfaces of the columns, and because the side panels provide the walls of the playpen, it is unclear whether the "rail covers" and "fabric flaps" that do come in contact with the outer surfaces of the columns of the Accused Playpens can be considered "side walls." Indeed, even Kids II's own argument that, in the '919 Patent, "the outwardly facing surface of each of the tubes is exposed on the outside of the fabric enclosure of the playard,"[17] leaves open the possibility that fabric separate from the side walls of the playpen can cover the exposed columns. If the rail covers and fabric flaps in the Accused Products are not side walls or side panels and are instead additional elements, Kids II "may not avoid infringement of a patent claim using an open transitional phrase, such as comprising, by adding additional

---

[15] ('919 Patent; 5:6-24). Claim 20 provides nearly identical language: "whereby the side panels surround an enclosed space, and each of the side panels extends generally between two of the support tubes substantially out of contact with outwardly facing surfaces of the outer walls thereof." ('919 Patent; 6:2-8).

[16] ('919 Patent; 6:2-8).

[17] (Def.'s Br. in Supp. of Mot. for Partial Summ. J., at 5).

elements."[18] Accordingly, there is a question of fact concerning whether the Accused Playpens' rail covers and fabric flaps are part of the enclosure of the '919 Patent's playpen that stay substantially out of contact with the outer surfaces of the outer columns. The Defendant's motion for partial summary judgment should be denied.[19]

### IV. Conclusion

For the reasons set forth above, the Defendant's Motion for Partial Summary Judgment of Noninfringement of U.S. Patent No. RE43,919 [Doc. 34] is DENIED.

SO ORDERED, this 27 day of May, 2014.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[18] Free Motion Fitness, Inc. v. Cybex Int'l, Inc., 423 F.3d 1343, 1353 (Fed. Cir. 2005).

[19] Because the Court is denying the Defendant's motion for partial summary judgment, the Plaintiff's request for additional discovery under Rule 56(d) is denied as moot. See Baron Servs., Inc. v. Media Weather Innovations LLC, 717 F.3d 907, 912 (Fed. Cir. 2013) (noting that in the Eleventh Circuit, motions under Rule 56(d) should be granted when discovery would be essential to opposing the motion for summary judgment).