IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WONDERLAND NURSERYGOODS CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> KIDS II, INC., <br><br> Defendant. | Civil Action No: <br><br> 1:13-CV-1114-TWT |

**DEFENDANT KIDS II, INC.'S REPLY IN SUPPORT OF ITS EMERGENCY MOTION FOR EXTENSION OF TIME FOR DISCOVERY AFTER CLAIM CONSTRUCTION**

In its response to the instant motion, Wonderland attempts to contort what is a simple scheduling issue into an argument over whether the parties should be allowed to complete the small amount of already-noticed discovery which remains outstanding as a result of witness and/or counsel's unavailability for depositions in the twelve days before July 7. As Wonderland points out, the parties currently have one deposition in this case scheduled for July 1 and two separate depositions in this case scheduled for July 2.[1]  Friday, July 4 is a federal and Court holiday.

---

[1] These three depositions do not include ongoing discovery in two parallel patent infringement suits pending in this Court that were filed by Wonderland's U.S.

1

Now, Wonderland proposes – for the very first time, today – in its response to the instant motion to stack three more depositions in this case on July 7, the Monday after the Independence Day holiday, the very last day of the current period for discovery after claim construction, and a day on which Kids II has already informed Wonderland that Kids II's counsel is unavailable.  And still, Wonderland desires that to be the end-all of discovery and seeks to preclude Kids II from obtaining discovery testimony from a remaining witness that – based on the vehemence of Wonderland's opposition to the professional courtesy of a reciprocal discovery accommodation – it views as harmful to its case.  That is the only purported prejudice implied by Wonderland in its attempted rebuttal of Kids II's motion.  Otherwise, Wonderland has not raised a single issue of prejudice or harm to it by the Court's granting Kids II the opportunity to complete in short order the outstanding discovery duly noticed within the discovery period.

In essence, Wonderland wants an agreement to take the discovery *it* seeks out-of-time (on July 9 or otherwise), while denying Kids II this very same

---

customer Graco Children's Products against Kids II (Civil Action File Nos. 1:12-cv-03246-SCJ and 1:13-cv-1183-JEC).  Counsel for Kids II have been, and are currently, engaged in all three of these litigations (and a fourth separate case pending in New York) in parallel with the present action.  As a result, counsel for Kids II is unavailable for several of the dates just recently offered by Wonderland due to scheduling conflicts.  Kids II has accepted each and every date it could possibly accommodate in the interest of trying to complete as much of discovery as possible by July 7, 2014.

accommodation.  Wonderland's disingenuousness is further revealed by the fact that its counsel represents two of the individual third-party witnesses subpoenaed by Kids II.[2]  If Wonderland genuinely "wish(ed)" to move this case expeditiously to trial" on the merits, its counsel would have offered to accept service of these subpoenas on behalf of its "clients" so that they could have been deposed within the 45-day post-claim-construction discovery period instead of intentionally complicating Kids II's diligent efforts to serve them and forcing Kids II to seek relief from the Court.[3]

---

[2] Wonderland's efforts to paint the inability to serve Mr. Ingraham (and the difficulty in serving Mr. Hartenstine) as dilatory and/or incompetent, along with its statements that no "discernable reason [exists] why service on Mr. Ingraham should not be a routine matter," are simply not true.  In fact, when confronted by counsel for Kids II on the location of Mr. Ingraham, Ms. Shima Roy (counsel for Wonderland) finally admitted that (1) she was aware that Mr. Ingraham was on vacation and didn't know when he would return and (2) affirmed that counsel for Wonderland would be representing Mr. Ingraham if/when Kids II was able to serve him with a subpoena.  Thus, Wonderland is absolutely aware of a "discernable" reason why Kids II has been unable to serve Mr. Ingraham and is able to oblige Wonderland with an answer to its question seeking proof of just some of Kids II's demonstrable diligence in attempting to serve Mr. Ingraham.  *See* "Affidavit of Due-Diligence," attached hereto as Exhibit A.  During these numerous attempts to serve Mr. Ingraham by a professional process server, it was learned via a neighbor of Mr. Ingraham that he would be out of town until sometime in July 2014.  Nonetheless, counsel for Wonderland continues to refuse to accept service of his subpoena in its attempt to run out the discovery clock.

[3]  Only after forcing Kids II to file its motion for extension does Wonderland's counsel now come forward and offer its clients Iron Mountains, Mr. Hartenstine, and Mr. Ingraham for deposition, all on the one day of July 7, 2014.  Throughout the meet-and-confer process prior to Kids II's filing, counsel for Wonderland

On several of its informational "key facts," Wonderland is not only misleadingly selective in its recitations but is also affirmatively misinforming the Court.

First, while discovery initially commenced in July 2013, Wonderland also did not take a single deposition in the year 2013. To the extent that Wonderland attacks Kids II's discovery diligence on this basis, Wonderland is equally guilty, and this ignores the substantial written discovery, patent disclosures, and claim construction proceedings during this time.

Second, discovery was closed from April 22, 2014 until the Court issued its claim construction ruling on May 20, 2014, a fact Wonderland conveniently omits.

Third, the one prior discovery extension cited by Wonderland and that the parties consented to was first requested ***by Wonderland***, not Kids II. Kids II joined Wonderland's request for an extension of the discovery period as a routine matter of professional courtesy. Wonderland is now refusing to grant Kids II the same courtesy, forcing the filing of the instant motion.

Fourth, five of the six witnesses that Wonderland proposes to make available

---

refused to accept service of the subpoenas on Messrs. Hartenstine and Ingraham or propose dates for their depositions, even though counsel for Wonderland represented both of these individuals, served objections on behalf of Mr. Hartenstine to his subpoenas, and affirmatively admitted their knowledge that Mr. Ingraham was away from his residence and employment addresses for an extended amount of time.

for deposition during the 45-day period after claim construction are only being made available during the last four days of the discovery period.  Moreover, these proposed dates bookend the intervening Independence Day holiday and, during prior meet-and-confers trying to schedule the outstanding depositions, counsel for Kids II previously notified Wonderland that they would be unavailable on July 7, 2014.  Wonderland now attempts to obviate Kids II's request for an extension by making the "offer" that counsel for Kids II should somehow become available to prepare for, and take the three depositions of Iron Mountains and Mr. Hartenstine and Mr. Ingraham (each of whom are represented by counsel for Wonderland represents) on the one, final day of discovery on July 7, 2014.

Fifth, Kids II has in no way obstructed the deposition of its Rule 30(b)(6) representatives or any other witnesses – including Steve Burns – within the current discovery period.  Wonderland omits from its response that Kids II offered Mr. Burns to Wonderland for deposition on April 10, 2014, and Wonderland refused this date.  *See* Dkt. No. 70-6 (Ex. F) at 1 ("… we are not available on April 10 the date on which you have schedule (sic) Steve Burns.").  Moreover, Mr. Burns travels to China as a significant portion of his role as a Vice President of Product Development for Kids II, and Kids II notified Wonderland in early June that he would likely be unavailable until after July 7, 2014.  Kids II has already timely

informed Wonderland of the topics that Mr. Burns would be presented to cover on behalf of Kids II in a Rule 30(b)(6) capacity. Wonderland further omits that both Wonderland and Kids II deferred, by agreement, a number of witness depositions until the period for discovery after claim construction.

Finally, with regard to Mr. Troutman, Kids II timely subpoenaed Kolcraft in April of 2014 prior to the conclusion of *initial* fact discovery, after Kids II learned of the importance of an invention created by Kolcraft and that Kolcraft was in possession of documents that potentially supported an earlier invention date than patent claims asserted in this case by Wonderland. As soon as the Court's claim construction ruling was issued, and discovery resumed, on May 20, 2014 counsel for Kids II began conferring with Kolcraft through its counsel to determine whether a mutually agreeable date for the deposition or Mr. Troutman before July 7, 2014 could be identified. Kids II was initially offered June 24, 2014 as an agreeable date, but Kolcraft subsequently withdrew this date and informed Kids II that Mr. Troutman was unavailable until at least July 18, 2014. Counsel for Kolcraft has since accepted service of the timely-issued subpoena to Mr. Troutman and has confirmed July 18, 2014 as the first available date for Mr. Troutman's deposition.

With the above corrections and additions to Wonderland's lacking response

brief, Kids II respectfully requests that the Court grant the motion for a short extension of the remaining discovery period so that the outstanding depositions may be completed. However, if the Court is not otherwise inclined to grant the limited extension sought by Kids II, Kids II respectfully requests that the Court grant the same accommodation to Kids II – to take remaining already-noticed discovery depositions[4] beyond July 7 and before July 30, 2014 – that Wonderland (1) unilaterally demanded prior to forcing Kids II to file its motion and (2) now seeks in its response.[5]

Respectfully submitted this 25th day of June, 2014.

/s/ Eric G. Maurer

N. Andrew Crain
Georgia Bar No. 193081
Eric Maurer
Georgia Bar No. 478199
Scott P. Amy
Georgia Bar No. 141416
Jason Perilla
Georgia Bar No. 676557
THOMAS | HORSTEMEYER LLP
400 Interstate North Parkway SE

---

[4] Currently consisting of the depositions of Kenny Cheng, Iron Mountains, Jerry Ingraham, Curt Hartenstine, and Damon Oliver Casati Troutman.

[5] *See* Dkt. No. 70 at p. 10, ¶ IV(3) ("… if the witness(es) are unavailable prior to [July 7], to provide dates certain for those depositions on or before [July] 30, 2014"). Interestingly, Wonderland improperly asks for an order in this regard, without having filed a motion to compel this discovery or a proper motion for the relief it seeks, in a response brief.

Suite 1500
Atlanta, Georgia 30339
Phone: (770) 933-9500
Fax: (770) 951-0933
andrew.crain@thomashorstemeyer.com
eric.maurer@thomashorstemeyer.com
scott.amy@thomashorstemeyer.com

Joseph W. Staley
Georgia Bar No. 142571
KIDS II, INC.
3333 Piedmont Road NE #1800
Atlanta, GA 30305
Phone: (770) 751-0442
Fax: (770) 751-0543
joe.staley@kidsii.com

*Attorneys for Defendant Kids II, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| WONDERLAND NURSERYGOODS CO., LTD.<br><br>     Plaintiff,<br><br>v.<br><br>KIDS II, INC.<br><br>     Defendant. | CIVIL ACTION NO:<br><br>1:13-CV-1114-TWT |

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this day electronically filed the foregoing DEFENDANT KIDS II, INC.'S REPLY IN SUPPORT OF ITS EMERGENCY MOTION FOR EXTENSION OF TIME FOR DISCOVERY AFTER CLAIM CONSTRUCTION with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

Dated this 25th day of June, 2014.

                              /s/ Eric G. Maurer

                              Attorney for Defendant Kids II, Inc.

9