# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| WONDERLAND NURSERYGOODS, CO., LTD., | |
| Plaintiff, | CIVIL ACTION NO. |
| | 1:13-CV-01114-TWT |
| v. | |
| KIDS II, INC., | |
| Defendant. | |

## SUPPLEMENTAL PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION PRODUCED BY NON-PARTY GRACO CHILDRENS PRODUCTS, INC. AND ITS EMPLOYEES

### 1.    PURPOSES AND LIMITATIONS

This Court has previously entered a Protective Order governing disclosure of certain information in this case.  However, Defendant has sought the production of documents and information from non-party Graco Children's Products, Inc. ("Graco") and one of its employees that raises different issues than those contemplated at the time the Court entered the original Protective Order.  These requests are likely to involve production of confidential, proprietary, or private information for which special protection

2

from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

Accordingly, the parties and Graco hereby stipulate to and petition the Court to enter the following Stipulation and Protective Order to cover information and documents produced by Graco and any of its employees. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2.   **DEFINITIONS**

2.1   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   "CONFIDENTIAL" Information or Items:   information (regardless of how it is generated, stored or maintained) or tangible things, produced by Graco, that qualify for protection under Federal Rule of Civil Procedure 26(c), including but not limited to, information which constitutes, reflects, contains, or concerns non-public, confidential or proprietary information, the disclosure of which could be potentially prejudicial to the business or operations of Graco.

3

2.3   <u>Counsel (without qualifier)</u>:   Outside Counsel of Record and In House Counsel (as well as their support staff).

2.4   <u>Disclosure of Discovery Material</u>:   all items or information, regardless of the medium or manner in which it is generated,  stored, or maintained (including, among other things, testimony,  transcripts, and tangible things), that are produced  or generated by Graco in disclosures or responses to discovery  or subpoenas in this matter.

2.5   <u>Expert</u>:   a person  with specialized knowledge or experience in a matter pertinent to the litigation  who (1) has been retained  by a Party  or its counsel to serve as an expert  witness  or as a consultant in this action, (2) is not a past or current  employee of a Party  or of a Party's  competitor, (3) is not a past or current employee of a Graco competitor, (3) at the time of retention,  is not anticipated to become  an employee  of a Party  or of a Party's competitor and (4) at the time of retention, is not anticipated to become an employee of a Graco competitor.

2.6   "<u>Graco</u>"  shall  mean  to  include  non-party  deponent  Graco Children's Products, Inc. and any of its officers, directors and employees.

2.7   <u>"HIGHLY   CONFIDENTIAL- ATTORNEYS'   EYES   ONLY" Information  or Items</u>:   extremely  sensitive "Confidential Information

or Items," including but not limited to, information which may constitute, reflect, contain, or concern trade secrets, research and development, sensitive financial and commercial information, pricing, business plans or strategies, non-public license and settlement agreements, and other competitively sensitive business or technical information the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

       2.8  <u>"HIGHLY CONFIDENTIAL - OUTSIDE COUNSELS'</u> <u>EYES ONLY" Information or Items</u>:  extremely sensitive "Confidential Information or Items" or "Highly Confidential - Attorneys' Eyes Only Information or Items," including but not limited to, information which may constitute, reflect, contain, or concern inventions in progress, invention disclosures for products that have not been commercialized, pending patent applications that have not been published, research and development for products that have not been commercialized, sensitive financial and commercial information for products that have not been commercialized, sensitive financial and business projections for existing products, and any other sensitive material that G r a c o in good faith believes will result in significant risk of competitive disadvantage or harm if disclosed to another

Party or Non-Party, including In-House Counsel of such other Party or Non-Party.

2.9  <u>In-House Counsel</u>:  attorneys who are employees or attorney consultants of a Party to this action acting in an In-House Counsel capacity. In House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10  <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11  <u>Outside Counsel of Record</u>:  attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.12  <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.13  <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   Protected Material:  any Disclosure or Discovery Material that is designated by Graco as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and/or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSELS' EYES ONLY."

2.15   Receiving Party:  a Party that receives Disclosure or Discovery Material from Graco.

## 3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality

7

to Graco.

At least ten (10) business days in advance of any trial or other proceeding to be conducted in open court, should any party wish to use any Protected Material is such proceedings, that party shall notify Graco of such intent to use such Protected Material.  Such party and Graco shall then meet and confer with Graco to determine if any such Protected Material needs to be presented in court in a manner which will appropriately maintain the confidentiality of the Protected Material. The notification and meet and confer shall take place only between the party seeking to use the Protected Material and Graco.  Graco shall then be permitted to move this Court promptly for an order of protection to address the confidentiality of any Protected Material a party intends to use at any trial or other proceeding conducted in open court in advance of such Protected Material being presented in open court. Should any Party wish to use any Protected Material for any purpose which would require filing such material with the Court, any appellate court, or any other tribunal, any such Protected Material shall be filed under seal with an appropriate indication of the confidentiality of the Protected Material provided to the Court

4.    **<u>DURATION</u>**

8

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until Graco agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice, and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    **DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.   Graco must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, Graco must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

5.2    <u>Manner and Timing of Designations</u>.   Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as

otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that Graco affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, Graco also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

Graco need not designate for protection original documents or materials made available for inspection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced,

10

Graco must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, Graco must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL- OUTSIDE COUNSELS' EYES ONLY") to each page that contains Protected Material.  If only a portion or portions of the material on a page warrants protection, Graco, to the extent practicable, shall identify the protected portion.

      (b)   <u>for testimony given in deposition or in other pretrial or trial</u> proceedings, that G r a c o  s h a l l  have up to thirty (30) days after receiving any transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the thirty (30) days shall be covered. Graco may specify, at the deposition or up to thirty (30) days afterwards, that the entire transcript shall be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL- OUTSIDE COUNSELS' EYES ONLY."

      Parties and Graco shall give the other parties and Graco notice if they

reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties or Graco can ensure that only authorized individuals defined in Sections 7.2 and 7.3 below are present at those proceedings, or the portion of those proceedings that will involve or address Protected Material. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSELS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by Graco. Graco shall inform the court reporter of these requirements. Any transcript shall be treated during the thirty (30) day period as if it had been designated **"HIGHLY CONFIDENTIAL- OUTSIDE COUNSELS' EYES ONLY"** in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

      (c)    <u>for information produced in some form other than</u>

documentary and for any other tangible items, that Graco affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL- OUTSIDE COUNSELS' EYES ONLY." If only a portion or portions of the information or item warrant protection, Graco, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3   Inadvertent Failures to Designate.   If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive Graco's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges.   Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to Graco's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality

13

designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and a brief description of the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give Graco an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that Graco is unwilling to participate in the meet and confer process in a timely manner.

6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file a motion challenging a confidentiality designation if there is good cause for doing so,

including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on Graco. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to a motion for sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under Graco's designation until the Court rules on the challenge.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.    A Receiving Party may use Protected Material that is disclosed or produced by Graco in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by Graco, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)   the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)   Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a), below, have been followed;

(d)   the Court and its personnel;

16

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary, unless otherwise agreed by Graco or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulation and Protective Order;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by Graco, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is

17

reasonably necessary to disclose the information for this litigation;

(b)     the following In-House counsel of the parties whose names are listed below and who are responsible for evaluating, directing, and/or managing the prosecution or defense of this action, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

|  | **Plaintiff** | **Defendant** |
|---|---|---|
| **Name/title** |  | Joseph Staley<br>Vice President, Legal<br>Kids II, Inc. |

(c)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a), below, have been followed;

(d)     the Court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the

information.

7.4   <u>Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by Graco, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" only to:

(a)   the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a), below, have been followed;

(c)   the Court and its personnel;

(d)   court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

(e)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.5    Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY," and/or "HIGHLY CONFIDENTIAL- OUTSIDE COUNSELS' EYES ONLY" Information or Items to Experts.

(a)    Unless otherwise ordered by the Court or agreed to in writing by Graco, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," and/or "HIGHLY CONFIDENTIAL- OUTSIDE COUNSELS' EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to Graco that (1) identifies the general categories of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," and/or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employee(s), and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or

20

trial, during the preceding four years.  Said notice shall be made to Graco, c/o Joseph J. Krasovec, III, Schiff Hardin, LLP, 233 South Wacker Drive, Suite 6600, Chicago, Illinois, 60606.

(b)    A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within ten (10) days of delivering the request, the Party receives a written objection from Graco. Any such objection must set forth in detail the grounds on which it is based.

(c)    A Party that receives a timely written objection must meet and confer with Graco (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven (7) days of the written objection.  If no agreement is reached, the Party that received a timely written objection may seek a ruling from the Court.  The Party seeking to disclose information to the Expert shall not make any such disclosure until the Court rules or the Parties otherwise resolve the issue. In any such proceeding, Graco shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to the Expert.

## 8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

21

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY," and/or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY," that Party must:

(a)     promptly notify Graco in writing. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Stipulation and Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by Graco whose Protected Material may be affected.[1]

If Graco timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY," and/or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSELS' EYES

---

[1] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford Graco an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

22

ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained Graco's permission. Graco shall bear the burden and expense of seeking protection in that court of its asserted Protected Material.  Nothing herein shall be construed as requiring any Party or other person subject to this Protective Order to challenging or appeal any order requiring the production of Protected Material or subject itself to any penalties for noncompliance with any legal process or order.  Compliance with such other legal process or order by a Party or other person who has otherwise complied with the provisions of this paragraph will not be in violation of this Order.

### 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Protective Order, the Receiving Party must immediately (a) notify Graco in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

### 10. INADVERTENT PRODUCTION OF PRIVILEGED OR

## OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

### 11.   MISCELLANEOUS

11.1   <u>Right to Further Relief</u>.   Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2   <u>Right to Assert Other Objections</u>.   By stipulating to the entry of this Protective Order, Graco does not waive any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation and Protective Order. Similarly, Graco does not waive any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3   <u>Export Control</u>.   Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical

data to foreign persons or nationals in the United States or elsewhere. Graco shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

### 12.   **FINAL DISPOSITION**

Within sixty (60) days after the final disposition of this action, as defined in section 4, each Receiving Party must return all Protected Material to Graco or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material, including but not limited to electronic formats.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to Graco by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. The parties understand that some designated information may be on back-up tapes but information on such tapes would be deleted as a result of the Receiving Parties' routine cycling of back-up tapes. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial,

deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in section 4 (DURATION).

IT IS SO ORDERED THIS 8th day of July, 2014.

/s/Thomas W. Thrash
Thomas W. Thrash, Jr.
Judge, United States District Court

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Supplemental Protective Order Governing Confidential Information Produced by Non-Party Graco Children's Products, Inc. and Its Employees that was issued by the United States District Court for the Northern District of Georgia on _____, 2014 in the case of Wonderland Nursery Goods Co., Ltd. v. Kids 11, Inc., Civil Action No. 1:13-cv-01114-TWT, Northern District of Georgia, Atlanta Division. I agree to comply with and to be bound by all the terms of this Stipulation and Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulation and Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of Georgia for the purpose of enforcing the

terms of this Stipulation and Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____of _____ as my Georgia agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulation and Protective Order.

Date: _____

City and State (where sworn and signed):

_____

Printed Name: _____

Signature: _____

\\schifflaw.com\chi\USERS\MyDocs\jkrasove\Documents\Graco General\Final Protective Order.docx