IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WONDERLAND NURSERYGOODS CO., LTD.,<br>    Plaintiff,<br>    v.<br><br>KIDS II, INC.,<br>    Defendant. | CIVIL ACTION FILE<br>NO. 1:13-CV-1114-TWT |

**ORDER**

This is a patent infringement action.  It is before the Court on the Defendant's Motion for Leave to File Under Seal Exhibit D [Doc. 84]. The Court of Appeals for the Eleventh Circuit has made it clear that court records are presumptively public. "The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001).  The right to inspect and copy is not absolute, however, and a judge's exercise of discretion in deciding whether to release judicial records should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question.  Id.  The common law right of access requires a balancing of

competing interests.  Id.  However, where the trial court conceals the record of an entire case, making no distinction between those documents that are sensitive or privileged and those that are not, it must be shown that the denial of access "is necessitated by a compelling governmental interest, and is narrowly tailored to that interest."  Id.

Rule 26(c) authorizes the trial court to issue a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way ..." upon a showing of good cause.  Fed. R. Civ. P. 26(c)(1)(G).  The right of access is not absolute and does not apply to discovery materials.  Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007).  However, a motion that is presented to the court to invoke its powers or affect its decisions, whether or not characterized as dispositive, is subject to the public right of access.  Id. at 1246.  This common law right of access may be overcome by a showing of good cause.

> In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Id.  Stereotyped and conclusory statements concerning the need for confidentiality do not establish good cause to seal court documents.  Id.  at 1247.  The Defendant's Motion for Leave to File Under Seal Exhibit D [Doc. 84] is DENIED.

SO ORDERED, this 18 day of July, 2014.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge