IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WONDERLAND NURSERYGOODS
CO., LTD.,

    Plaintiff,

      v.

KIDS II, INC.,

    Defendant.

CIVIL ACTION FILE
NO. 1:13-CV-1114-TWT

## OPINION AND ORDER

Kids II asks the Court to reconsider its holding that Claim 1 of the '949 Patent is not invalid for indefiniteness. Kids II argues that the language of Claim 1 is indefinite under the new test for indefiniteness set forth by the Supreme Court in Nautilus, Inc. v. Biosig Instruments, Inc.[1] Specifically, Kids II argues that people of ordinary skill in the art at the time the '949 Patent was issued would not know with reasonable certainty where and how to measure the "distance between" the "two first columns" and the "two second columns," and thus would not know the boundaries of the claimed invention. The Court disagrees.

---

[1]     See 134 S. Ct. 2120 (2014).

## I. Background

The Court construed the claims of the '949 Patent, and the disputed claims of two other patents at issue, in its May 20, 2014 Opinion and Order. In the Order, the Court concluded that the intrinsic record of the '949 Patent clearly shows a person of ordinary skill in the art the scope of the disputed claim terms: "a distance between," "the two first columns," and "the two second columns."[2] Kids II moves for reconsideration, arguing that an intervening change in law requires the Court to rule the above disputed terms indefinite.

Local Rule 7.2 provides that motions for reconsideration are not to be filed "as a matter of routine practice," but only when "absolutely necessary."[3] A party may move for reconsideration only when one of the following has occurred: "an intervening change in controlling law, the availability of new evidence, [or] the need to correct clear error or prevent manifest injustice."[4] Further, a party "may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that

---

[2]     May 20, 2014 Order [Doc. 58], at 18.

[3]     L.R. 7.2E.

[4]     Godby v. Electrolux Corp., No. 1:93-CV-0353-ODE, 1994 WL 470220, at *1 (N.D. Ga. May 25, 1994).

should have been raised earlier, introduce novel legal theories, or repackage familiar

arguments to test whether the Court will change its mind."[5]

## II. Discussion

Kids II argues that the new standard in Nautilus, Inc. v. Biosig Instruments,

Inc.[6] renders Claim 1 of the '949 Patent indefinite. In Nautilus, the Supreme Court

overruled the Federal Circuit's formulation that a patent claim is sufficiently definite

"so long as the claim is 'amenable to construction' and the claim, as construed, is not

'insolubly ambiguous.'"[7] Instead, the Court instructed that "a patent is invalid for

indefiniteness if its claims, read in light of the specification delineating the patent, and

the prosecution history, fail to inform, with reasonable certainty, those skilled in the

---

[5]    Brogdon v. National Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000); see also Godby, 1994 WL 470220, at *1 ("A motion for reconsideration should not be used to reiterate arguments that have previously been made ... '[It is an improper use of] the motion to reconsider to ask the Court to rethink what the Court [has] already thought through-rightly or wrongly.'") (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va.1983)) (alterations in original); In re Hollowell, 242 B.R. 541, 542-43 (Bankr. N.D. Ga. 1999) ("Motions for reconsideration should not be used to relitigate issues already decided or as a substitute for appeal ... Such motions also should not be used to raise arguments which were or could have been raised before judgment was issued.").

[6]    134 S. Ct. 2120 (2014).

[7]    Id. at 2124 (citing Boisig Instruments, Inc. v. Nautilus, Inc., 715 F.3d 891, 898-99 (Fed. Cir. 2013)).

art about the scope of the invention."[8] The Court emphasized three important principles of the indefiniteness inquiry: (1) that definiteness is to be determined by someone skilled in the relevant art; (2) that definiteness should be assessed in light of the patent's specification and prosecution history; and (3) that definiteness is measured at the time the patent was filed.[9]

Here, the terms "a distance between," "the two first columns," and "the two second columns," read in light of the specification, inform a person skilled in the art of the scope of the claim terms with reasonable certainty. Claim 1 of the '949 Patent provides for "A playpen with double columns at each corner of said playpen, comprising: [a plurality of first and second columns] wherein a distance between the two second columns is larger than that between the two first columns, whereby a gap is formed between an adjacent first column and a second column."[10] The claim language is accompanied by an exemplary diagram in the specification.[11] Kids II argues this language is indefinite because a person of ordinary skill in the art would not know how to appropriately measure the "distance between" the inner and outer

---

[8]    Id.

[9]    Id. at 2128.

[10]    '949 Patent; 4:11-34.

[11]    '949 Patent; Fig. 5.

columns. According to Kids II, a single playpen could be found infringing if the distance between the columns was measured along the sides of the playpen but be considered non-infringing if the distance between the columns was measured along the diagonal of the playpen.

But Kids II is reading the claim language without the aid of the specification and surrounding claim language. In the specification, the '949 Patent shows a figure wherein "the distance between two opposite second columns is larger than that between two opposite first columns."[12] Despite this, Kids II contends that the term "opposite" is uncertain because, depending on one's frame of reference, any first column could be "opposite" any other first column. But the specification shows that "opposite" corners are corners that are diagonally apart from other corners. And consulting the detailed description of the invention to determine the proper way to measure "a distance between" is not limiting the scope of the claims with the specification, but clarifying the scope of the claims.

Further, Kids II's reading of the claim language fails to take into account the surrounding claim language. The "distance between" the two second columns and the two first columns forms a gap and "a boundary sheet extends through each said gap

---

[12]    '949 Patent; 3:39-41.

and covers the first columns."[13] Thus, the claim language merely describes a set of inner columns and a set of outer columns allowing for a boundary sheet to be inserted between the two sets of columns. A person of ordinary skill in the art would, with reasonable certainty, discern from the claim language and the specification that Claim 1, including the terms "distance between," "the two first columns," and "the two second columns" describes a playpen with a set of outer columns, a set of inner columns, and a boundary sheet surrounding the inner columns. In any event, even under the new standard for indefiniteness articulated in <u>Nautilus</u>, Kids II cannot demonstrate by clear and convincing evidence that the terms "a distance between," "the two first columns," and "the two second columns" are indefinite. Accordingly, Kids II's motion for reconsideration should be denied.

### III. Conclusion

For the reasons set forth above, the Defendant's Motion for Reconsideration [Doc. 64] is DENIED.

SO ORDERED, this 15 day of August, 2014.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[13]     '949 Patent; 4:29-34.