Exhibit 7

Case 1:13-cv-01114-ELR   Document 158-8   Filed 07/16/15   Page 2 of 12

WONDERLAND NURSEYGOODS CO., LTD. vs. KIDS II, INC.
Jerry Drobinski on 03/26/2015                                    Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

No. 1:13-CV-1114-TWT


WONDERLAND NURSERYGOODS CO., LTD.,)
                                  )
                                  )
                                  )
        Plaintiffs,               )
                                  )
vs.                               )
                                  )
KIDS II, INC.,                    )
                                  )
        Defendant.                )


VIDEOTAPE DEPOSITION OF JERRY DROBINSKI

March 26, 2015

Tucson, Arizona

. . . . . . . . . . . . . . . . . . . . . . .




Transcript Prepared by Nancy P. Richmond

Certified Reporter No. 50864

```
 1              A P P E A R A N C E S
 2                    *  *  *  *  *
 3   For the Plaintiff:
 4        Baker & McKenzie LLP
 5        300 East Randolph Street
 6        Suite 5000
 7        Chicago, IL   60601
 8        By David I. Roche, Esq.
 9        (312) 861-8608
10        david.roche@bakermckenzie.com
11
12   For the Plaintiff:
13        Finnegan, Henderson, Farabow, Garrett & Dunner,
14        LLP
15        303 Peachtree Street, NE
16        Atlanta, GA   30308-3263
17        By Roger D. Taylor, Esq.
18        (404) 653-6400
19        roger.taylor@finnegan.com
20
21
22
23
24
25
```

Case 1:13-cv-01114-ELR   Document 158-8   Filed 07/16/15   Page 4 of 12

WONDERLAND NURSEYGOODS CO., LTD. vs. KIDS II, INC.
Jerry Drobinski on 03/26/2015                                    Page 3

```
 1   For the Defendant:
 2        Thomas Horstemeyer
 3        400 Interstate North Parkway SE
 4        Suite 1500
 5        Atlanta, GA   30339
 6        By Scott P. Amy, Esq., and Jason M. Padilla,
 7        Esq.
 8        (770) 933-9500
 9        scott.amy@thomashorstemeyer.com
10
11   For the Defendant:
12        Kids II
13        3333 Piedmont Road
14        Suite 1800
15        Atlanta, Georgia 30305
16        By Joseph W. Staley, Esq.
17        (770) 751-0442
18        joe.staley@kidsii.com
19
20   Also Present:
21        William Singhose
22
23
24
25
```

```
 1              BE IT REMEMBERED that pursuant to notice,
 2   the deposition of JERRY DROBINSKI was taken at the
 3   Omni Tucson Resort in the City of Tucson, County of
 4   Pima, State of Arizona, before Nancy P. Richmond, a
 5   Certified Court Reporter, in and for the State of
 6   Arizona, on the 26th day of March, 2015, commencing
 7   at the hour of 9:06 a.m. on said day, in a certain
 8   cause now pending before the U.S. District Court,
 9   District of Georgia, Atlanta Division.
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Case 1:13-cv-01114-ELR   Document 158-8   Filed 07/16/15   Page 6 of 12

WONDERLAND NURSEYGOODS CO., LTD. vs. KIDS II, INC.
Jerry Drobinski on 03/26/2015
Page 17

```
 1  offering a declaration to support invalidity?
 2       A.   I believe that was infringement, now that
 3  I think back on it, and that was even -- that was
 4  over a year ago, well over a year ago.
 5       Q.   Okay.  So just so the record's clear, when
 6  we talk about the Kolcraft v Chicco case before, you
 7  said it was a patent office proceeding?
 8       A.   Yes.
 9       Q.   So do you believe it was a district court
10  proceeding now?
11       A.   I -- I don't know.
12       Q.   You don't remember?
13       A.   I have no -- at this point time in time I
14  have no recollection of the details of that.
15       Q.   In the Artsana case did you offer any
16  other type of testimony other than your invalidity
17  declaration?
18       A.   No.
19       Q.   No trial or deposition testimony?
20       A.   No.
21       Q.   And that case is still pending?
22       A.   Yes.
23       Q.   Then on Exhibit 2, there's a reference to
24  the Wonderland v. Thorley case.  Do you see that?
25       A.   Yes.
```

Case 1:13-cv-01114-ELR   Document 158-8   Filed 07/16/15   Page 7 of 12

WONDERLAND NURSEYGOODS CO., LTD. vs. KIDS II, INC.
Jerry Drobinski on 03/26/2015
Page 18

```
 1      Q.   Where is that case pending?
 2      A.   Pittsburgh.
 3      Q.   And you represent Wonderland in that case,
 4   correct?
 5      A.   That's correct.
 6      Q.   And what's the subject of that case?
 7      A.   There are two cases with -- with
 8   Wonderland versus Thorley.  One is a swing case, and
 9   one is a play yard case, and I'm not sure which one
10   this is.
11      Q.   All right.  Well, let's take them one by
12   one.  In the swing case, what type of swing is at
13   issue?
14      A.   It's a juvenile product swing.
15      Q.   What type of juvenile product swing?
16      A.   It's a soother, soothing device.
17      Q.   So would you consider that a sway seat or
18   a traditional swing?
19      A.   Sway seat.
20      Q.   What makes it a sway seat?
21      A.   It's a motion, and it simulates a parent
22   cradling, rocking a child.
23      Q.   And in the Wonderland case, is Wonderland
24   the plaintiff?
25      A.   Yes.
```

Case 1:13-cv-01114-ELR   Document 158-8   Filed 07/16/15   Page 8 of 12

WONDERLAND NURSEYGOODS CO., LTD. vs. KIDS II, INC.
Jerry Drobinski on 03/26/2015                                    Page 233

```
 1  wall.  It turns into an inner wall like this, so
 2  that something can be nested in it, and it's the
 3  outer surface that is visible.
 4       Q.    Just hold up what is marked as Exhibit 18
 5  so I can see it one more time, just so we make sure
 6  we're clear on this.
 7       A.    (Complying.)
 8       Q.    A portion -- just keep it up on camera.
 9  The portion that you've highlighted in green in
10  Exhibit 18, do you consider that to be the inner
11  wall of the upright tube or the outer wall?
12       A.    I consider it to be part of the outer wall
13  of the upright tube.  The entire tube has an outer
14  wall but, in this configuration, because it is bent
15  in, it is actually inner.  It's inside.  It's bent
16  in.  It's concave.
17       Q.    So is it part of the outer wall and the
18  inner wall at the same time?
19       A.    Sure.
20       Q.    Okay.  Looking at the language of claim
21  fifteen, is there any requirement that the upright
22  tubes in that claim be structural?
23       A.    It specifically does not say that, but
24  without structural integrity there's no product.
25       Q.    But there's no requirement in the claim --
```

Case 1:13-cv-01114-ELR   Document 158-8   Filed 07/16/15   Page 9 of 12

WONDERLAND NURSEYGOODS CO., LTD. vs. KIDS II, INC.
Jerry Drobinski on 03/26/2015                                Page 234

```
 1      A.   No.
 2      Q.   -- that there be structure?  Let's look at
 3 the portion of claim fifteen that you've labeled as
 4 segment D, and the portion of claim fifteen that
 5 you've labeled as segment D requires, "an enclosure
 6 member, including a plurality of side panels
 7 contiguously connected to one another along edge
 8 portions and surrounding an enclosed space adapted
 9 for receiving the baby therein."  Do you see that?
10      A.   Yes.
11      Q.   Is it your opinion that each of the
12 accused products has side panels contiguously
13 connected to one another?
14      A.   Yes.
15      Q.   What do you believe claim fifteen means by
16 the term, "contiguously connected"?
17      A.   In contact with each other.
18      Q.   So is it your opinion that the side
19 walls -- or I should say the side panels of the
20 invention described in claim fifteen have to
21 directly touch to be contiguously connected?
22      A.   They either have to touch or be connected
23 by something that makes it obviously -- obvious that
24 they're touching, or that they're connected, I
25 should say.
```

Case 1:13-cv-01114-ELR  Document 158-8  Filed 07/16/15  Page 10 of 12

WONDERLAND NURSEYGOODS CO., LTD. vs. KIDS II, INC.
Jerry Drobinski on 03/26/2015
Page 246

1  upright tubes."  Do you see that?
2      A.  Yes.
3      Q.  Why do you believe that the positioning
4  posts or what you've identified are the positioning
5  posts in the accused products are lodged inside the
6  upright tubes?
7      A.  There is an annular space in the upright
8  tube.  The positioning post fits into that space.
9  It's not an annular space.  It's basically a cavity,
10 and it's lodged in there and held in place by the
11 rivet that is in the lower foot, if you will.  And
12 the upper part is held in place by the latch
13 mechanism, the red -- in this case it's a red latch
14 mechanism that fits into the upper corner.
15     Q.  Is it -- okay.  Is it your opinion that
16 the retention tubes in the accused products are
17 entirely inside the upright tube?
18     A.  No.  They're lodged into.
19     Q.  So if I understand you correctly, you
20 don't believe that claim fifteen requires that the
21 entire positioning post be inside the upright tube,
22 do you?
23     A.  No.
24     Q.  And, in fact, on page eight of your
25 report, you state -- and if you want to turn to it,

Case 1:13-cv-01114-ELR Document 158-8 Filed 07/16/15 Page 11 of 12

WONDERLAND NURSEYGOODS CO., LTD. vs. KIDS II, INC.
Jerry Drobinski on 03/26/2015
Page 247

```
 1   we can look at it together.
 2        A.   I have it.
 3        Q.   Okay.  So that first paragraph under the
 4   two photographs, you state, "Thus, in my view, if
 5   the positioning post is lodged partially inside the
 6   upright tube, it meets the requirement to be lodged
 7   inside the upright tube."  Do you see that?
 8        A.   Oh, it's the second.  I'm looking at the
 9   first sentence, not the second, okay.
10        Q.   Sure.
11        A.   Yes.
12        Q.   Is that an accurate statement?
13        A.   That is.
14        Q.   The claim language doesn't say that the
15   positioning posts are lodged partially inside the
16   upright tube, does it?
17        A.   No, but it does not say fully, either.
18        Q.   It says that the positioning post is
19   lodged inside, correct?
20        A.   Yes.
21        Q.   You've read the specification in the '919
22   patent, right?
23        A.   Hm-hmm.
24        Q.   Is there any support in the specification
25   for a positioning post that's lodged partially
```

Case 1:13-cv-01114-ELR   Document 158-8   Filed 07/16/15   Page 12 of 12

WONDERLAND NURSEYGOODS CO., LTD. vs. KIDS II, INC.
Jerry Drobinski on 03/26/2015                                    Page 267

```
 1                 C E R T I F I C A T I O N

 2                      *    *    *    *    *

 3

 4              BE IT KNOWN that the foregoing deposition

 5    was taken before me, Nancy P. Richmond, Certified

 6    Court Reporter No. 50864 for the State of Arizona,

 7    and by virtue thereof authorized to administer an

 8    oath; that the witness, JERRY DROBINSKI, before

 9    testifying was first duly sworn by me; that the

10    questions propounded by counsel and the answers of

11    the witness thereto were taken down by me in

12    shorthand and thereafter transcribed under my

13    direction; that a review of the transcript by the

14    witness was reserved; that the foregoing pages

15    contain a full, true, and accurate transcript of all

16    proceedings and testimony had, all to the best of my

17    skill and ability.

18              I FURTHER CERTIFY that I am not related to

19    nor employed by any of the parties hereto and have

20    no interest in the outcome thereof.

21              DATED at Tucson, Arizona, this 6th day of

22    April, 2015.

23

24    _____
                  NANCY P. RICHMOND
25          CERTIFIED COURT REPORTER NO. 50864
```