# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| WONDERLAND NURSERYGOODS CO. LTD. <br><br> Plaintiff, <br><br> v. <br><br> KIDS II, INC. <br><br> Defendant. | CIVIL ACTION NO: <br><br> 1:13-cv-01114-TWT |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF <u>INVALIDITY OF CLAIM 1 OF U.S. PATENT NO. 6,954,949</u>**

Pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1(B)(2), Plaintiff, Wonderland Nurserygoods Co., Ltd. ("Wonderland"), files these Responses and Objections to Defendant's Statement of Undisputed Material Facts in Support of its Motion for Partial Summary Judgment of Invalidity of Claim 1 of U.S. Patent No. 6,954,949:

1.     On April 4, 2013, Plaintiff Wonderland Nurserygoods Co., Ltd. ("Wonderland") filed its Complaint against Kids II, alleging infringement of U.S. Patent Nos. 7,770,245 ("the '245 Patent" ); 6,954,949 ("the '949 Patent"); and RE43,919 ("the '919 Patent"). (Ex. 1, p. 1).

<u>**RESPONSE**</u>:        Wonderland objects to this purported Statement of

Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on the bases that it cites to a pleading and is not material.

To the extent this Court deems that this purported Statement of Undisputed Material fact is properly asserted, Wonderland admits that the Complaint was filed on April 4, 2013.


2.      On July 24, 2013, Wonderland served its Infringement Contentions on Kids II under Local Patent Rule 4.1. (Ex. 2, p. 4).

**RESPONSE**:      Wonderland objects to and denies this purported Statement of Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on the basis that it is not material.

To the extent this Court deems that this purported Statement of Undisputed Material fact is properly asserted, Wonderland admits that it served infringement contentions on Kids II on July 24, 2013 but denies the purported Statement of Undisputed Material Fact to the extent it implies that Wonderland has not amended its infringement contentions since that date.


3.      In its Infringement Contentions, Wonderland asserts that two models of Kids II's InGenuity™ Washable Playards (Model Nos. 7066 & 60072) infringe Claim 1 of the '949 Patent. (Ex. 2, p. 2).

**RESPONSE**:        Wonderland    denies    this    purported    Statement    of

Undisputed Material Fact. Wonderland identified all "Washable Products"and gave

the models identified as examples, stating that the infringing product included the

identified models, but were not limited to those.  Also denied because Wonderland

has supplemented its infringement contentions.  The accused models include, but

are not limited to the following:

| Model | Fashion |
|-------|---------|
| 7066 | Sumner |
| 60020 | Disney Lion King |
| 60072 | Shiloh |
| 60282 | Seneca |
| 60286 | Emerson |
| 60587 | Winslow |
| 60343 | Piper |

4.      Claim 1 of the '949 Patent reads as follows:

1. A playpen with double columns at each corner of said
playpen, comprising:
a plurality of first corner components;
a first rod unit connecting the first corner components;
a plurality of second corner components;
a second rod unit connecting the second corner components;
a plurality of first columns, each said first column having two
opposite ends, one end being connected to a first corner
component, another end of said column being connected to a
second corner component;
a plurality of second columns, each said second column having
two opposite ends, one end being connected to a first corner
component, another end of said second column being
connected to a second corner component each said second
corner component comprising a first sleeve and a second

> sleeve connecting respectively with the first column and the second column;
>
> wherein a distance between the two second columns is larger than that between the two first columns, whereby a gap is formed between an adjacent fist column and a second column; and
>
> a boundary sheet extends through each said gap and covers the first columns.

(Ex. 3, 4:11-34).

**RESPONSE**:        Admitted.


5.        As set forth above,  Claim 1 provides for "A playpen with double columns at each corner of said playpen,  comprising: [a plurality of first and second columns] ***wherein a distance between the two second columns is larger than that between the two first columns***,  whereby a gap is formed between an adjacent first column and a second column." (Ex. 3, 4:10-12, 18-32) (emphasis added).

**RESPONSE**:        Wonderland objects to and denies this purported Statement of Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on the basis the emphasized language constitutes argument, not fact.

To the extent this Court deems that this purported Statement of Undisputed Material fact is properly asserted, Wonderland denies this purported Statement of Undisputed Material Fact on the basis that it inaccurately quotes Claim 1 of the

'949 Patent.  *See* Def.'s Ex. 3 at 11-34.

6.     In order to determine whether a playpen meets the Distance Limitation,  a person of ordinary skill in the art must take a measurement between two sets of the second and first columns.  If the measurement between the two second columns is greater than the measurement between the two first columns, the Distance Limitation is met.  On the other hand, if the measurement between the two second columns is equal to or less than the measurement between the two first columns,  the Distance Limitation is not met. (Ex. 3,  4:29-32).

**RESPONSE**:     Wonderland objects to and denies this purported Statement of Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on the basis that the statement constitutes argument, not fact.

To the extent this Court deems that this purported Statement of Undisputed Material fact is properly asserted, Wonderland denies it because Claim 1 does not contain the term "Distance Limitation." *See* Def.'s Ex. 3 at 11-34.   Wonderland further denies this purported Statement of Undisputed Material Fact on the basis that it is inconsistent with the Court's claim construction of August 18, 2014.  *See* Def.'s Ex. 13 at pp. 4-6.

7.     The language of the Distance Limitation does not specify how the measurement should be taken,  or what two sets of the second and first columns should be used for the measurement. (Ex. 3, 4:29-32).

**RESPONSE**:     Wonderland objects to and denies this purported Statement of Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on the basis the statement constitutes argument, not fact.

To the extent this Court deems that this purported Statement of Undisputed Material fact is properly asserted, Wonderland denies this purported Statement of Undisputed Material Fact as inconsistent with the specification of the '949 Patent and Judge Thrash's May 20, 2014 Opinion and Order and August 18, 2014 Opinion and Order where he expressly rejected this statement.  *See* Ex. 3 at 39-41; Def.'s Ex. 13 at pp. 4-6.

8.     The language of the Distance Limitation does not include the term "opposite." (Ex. 3,   4:29-32).

**RESPONSE**:     Wonderland objects to and denies this purported Statement of Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on the basis that the statement constitutes argument, not fact.

To the extent this Court deems that this purported Statement of Undisputed Material fact is properly asserted, Wonderland denies this purported Statement of

Undisputed Material Fact on the basis that Claim 1 does not contain the term "Distance Limitation." *See* Ex. 3 at 11-34.

9.      Claim 1 of the application that ultimately issued as the '949 Patent, as originally filed,  read as follows:

> 1. A playpen with columns comprising:
>     a plurality of first corners;
>     a first rod unit connecting the first corners;
>     a plurality of second corners;
>     a second rod unit connecting the second corners;
>     a plurality of first columns each having two opposite ends, one end being connected to the first corner,  another end being connected to the second corner;
>     a plurality of second columns each having two opposite ends,  one end being connected to the first corner, another end being connected to the second corner;
>     wherein distance of the two opposite second columns is larger than that of the two opposite first columns,  and a gap exists between the first column and the second column adjacently;
>     a boundary shelter unit passing through each gap and covering the first columns.

(Ex. 4,  p. 7).

**RESPONSE**:       Admitted.

10.     As set forth above,  Claim 1 of the application that ultimately issued as the '949 Patent,  as originally filed,  provided for: "A playpen with columns

comprising: [a plurality of first and second columns] ***wherein the distance of the two opposite second columns is larger than that of the two opposite first columns***,   and a gap exists between the first and the second column adjacently."

(Ex. 4,   p. 7) (emphasis added).

**RESPONSE**:        Wonderland objects to and denies this purported Statement of Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on the basis the emphasized language constitutes argument, not fact.

To the extent this Court deems that this purported Statement of Undisputed Material fact is properly asserted, Wonderland denies it on the basis that the claim recitation is incomplete, and therefore inaccurate.  *See* Ex. 4 at p. 7.


11.    On November 26,   2004,   Claim 1,   as originally filed,  was rejected by the Examiner under 35 U.S.C. § 112,   second paragraph,   as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention. (Ex. 5,   p. 2).

**RESPONSE**:        Wonderland objects to and denies this purported Statement of Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on the basis that the statement is not material.

To the extent this Court deems that this purported Statement of Undisputed

Material fact is properly asserted, it is admitted.

12.   In response,   on February 25,   2005,   Wonderland filed an Amendment under 37 C.F.R. § 1.111. (Ex. 6,   p. 1).   In its Amendment, Wonderland amended Claim 1,   as originally filed,   as follows to remove the term "opposite":

> wherein a distance ~~of~~ <u>between</u> the two ~~opposite~~ second columns is larger than that ~~of~~ <u>between</u> the two ~~opposite~~ first columns, ~~and~~ <u>whereby</u> a gap ~~exists~~ <u>is formed</u> between ~~the~~ <u>an adjacent</u> first column and ~~the~~ <u>a</u> second column ~~adjacently~~; <u>and</u>

(Ex. 6,   p. 4).

**<u>RESPONSE</u>**:       Wonderland objects to and denies this purported Statement of Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on the basis that the statement is not material.

To the extent this Court deems that this purported Statement of Undisputed Material fact is properly asserted, it is admitted.

13.     On June 3, 2005, the Examiner issued a Notice of Allowance allowing a new Claim 1 in the same form set forth in Paragraph 4 above. (Ex. 7, p. 1-5).

**RESPONSE**:       Wonderland objects to and denies this purported Statement of Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on the basis that the statement is not material.

To the extent this Court deems that this purported Statement of Undisputed Material fact is properly asserted, it is admitted.

14.     The specification of the '949 Patent provides a written description and figures that "represent[] a preferred embodiment" of the invention of the '949 Patent. (Ex. 3,  3:45-47).

**RESPONSE**:       Wonderland denies this purported Statement of Undisputed Material Fact on the basis that the specification is incomplete, and therefore inaccurate.  Further denied on the basis that the portion of the specification cited above provides that "the above description represents a preferred embodiment of the present invention, whereas alternatively, or additionally, the number and profile of the first columns and the second columns may be varied depending on design considerations.  Furthermore, the rods of the first rod unit, the rods of the second rod unit, the first columns, and the second

columns may be either solid or hollow in construction."  *See* Def.'s Ex. 3 at 3:45-47.

    15.    Figure 2 of the '949 Patent is shown below:



(Ex. 3,  Fig. 2).

    **RESPONSE**:    Admitted.

16.   Figure 5 of the '949 Patent is shown below:



**Fig. 5**

(Ex. 3,  Fig. 5).

**RESPONSE**:      Admitted.

17.   In describing the preferred embodiment shown in Figure 2,  the specification of the '949 Patent states:

> Having been assembled to this point,  the rectangular fame shown in FIG. 2 of the playpen 1 with double columns is completed in its assembly,  wherein the distance between two opposite second columns 16 is larger than that between two opposite first columns 15 and the diameter of the first column 15 is smaller than that of the second column 16.

(Ex. 3,  3:37-43).

**RESPONSE**:      Wonderland denies purported Statement of Undisputed Material Fact on the basis that Figure 2 is also described elsewhere in the '949 Patent specification.  *See* Def.'s Ex. 3 at 2:34-36; 2:50-62; 3:7-20; 3:53-58.

18.     The specification does not state or otherwise indicate that "opposite second columns" or "opposite first columns" are limited to columns that are positioned on the diagonal from each other in the four-sided,  rectangular playpen shown in Figures 2 and 5.  (Ex. 3,  3:37-43 & Figs. 2,  5).

**RESPONSE**:     Wonderland objects to and denies this purported Statement of Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on the basis the statement constitutes argument, not fact.

To the extent this Court deems that this purported Statement of Undisputed Material fact is properly asserted, Wonderland further denies this purported Statement of Undisputed Material Fact as inaccurate and inconsistent with the Court's August 18, 2014 Opinion & Order.  *See* Ex. 3 at 3:39-41; Ex. 13 at 5-6.


19.     The specification of the '949 Patent states that: "the above description represents a preferred embodiment of the present invention,  whereas alternatively,  or additionally,  the number and profile of the first columns 15 and the second columns 16 may be varied depending on design considerations."  (Ex. 3,  3:45-49).

**RESPONSE**:     Wonderland denies this purported Statement of

Undisputed Material Fact on the basis that the specification cited above is incomplete, and therefore inaccurate.  Further denied as inaccurately quoting that portion of the specification.  *See* Ex. 3 at 3:45-49.

20.    Claim 1 is not limited to the four-sided,  rectangular playpen shown in Figures 2 and 5,  as the claim language only requires "a plurality of first columns" and "a plurality of second columns." (Ex. 3,  4:11-34).

**RESPONSE**:    Wonderland objects to and denies this purported Statement of Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on the bases that is it not material and the statement constitutes argument, not fact.

To the extent this Court deems that this purported Statement of Undisputed Material fact is properly asserted, Wonderland denies it on the basis that Claim 1, as cited, does not "only require[ ] 'a plurality of first columns' and 'a plurality of second columns.'" *See* Ex. 3 at 4:11-34.

21.    The invention of Claim 1 could encompass a playpen having a different numbers of sides,  such as a three-sided or six-sided playpen.  (Ex. 3, 4:11-34; Ex. 8,  pp. 9,  20).

**RESPONSE**:    Wonderland objects to and denies this purported

Statement of Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on the bases it is not material, the statement constitutes argument, not fact, and to the extent it cites to a pleading.

22.    Claim 1 also does not limit "a plurality of first columns" and "a plurality of second columns" to the profile or shape of the columns shown in the four-sided,   rectangular playpen shown in Figures 2 and 5. (Ex. 3,   4:11-34).

**RESPONSE**:    Wonderland objects to and denies this purported Statement of Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on the bases the statement constitutes argument, not fact and to the extent it cites to a pleading.

23.    During the claim construction process in this case,   the parties disputed the proper meaning of the following three claim terms that are found in the Distance Limitation: "a distance between"; "the two second columns"; and "the two first columns." (Ex. 9,   p. 3).

**RESPONSE**:    Wonderland objects to and denies this purported Statement of Undisputed Material Fact on the basis that cites to a pleading and does not comply with Local Rule 56.1 B.(1).

To the extent this Court deems that this purported Statement of Undisputed

Material Fact is properly asserted, Wonderland further denies this purported Statement of Undisputed Material Fact on the basis that it is inaccurate.  Kids II never offered any construction of the terms "a distance between", "the two second columns" and "the two first columns".  *See* Kids II's Opening Claim Construction Br. (Dkt. #29) at p. 32 (stating for each claim term "No construction proposed. This claim is indefinite under 35 U.S.C. §112.").  Kids II only argued that the terms were indefinite.  *See Id.*; Kids II Responsive Claim Construction Br. (Dkt. #33) at pp. 39-43.

24.    Wonderland argued that these three terms should be construed by the Court as follows:

- "**a distance between**" = "the amount of space separating"

- "**the two second columns**" = "two of the plurality of second columns; a second column is the outer column of a double column arrangement at a corner of the playpen"

- "**the two first columns**" = "two of the plurality of first columns; the first column is the inner column of a double column arrangement at a corner of the playpen"

(Ex. 9,  p. 3)

**RESPONSE**:      Wonderland objects to this purported Statement of

Undisputed Material Fact on the basis that it cites to a pleading and does not comply with Local Rule 56.1 B.(1).

To the extent this Court deems that this purported Statement of Undisputed Material Fact is properly asserted, it is admitted.

25.    Kids II argued that all three of these claim terms,  as used in Claim 1 of the '949 Patent,  were indefinite under 35 U.S.C. § 112. (Ex. 9,  p. 3).

**RESPONSE**:       Wonderland objects to and denies this purported Statement of Undisputed Material Fact on the basis that cites to a pleading and does not comply with Local Rule 56.1 B.(1).

To the extent this Court deems that this purported Statement of Undisputed Material Fact is properly asserted, Wonderland denies this purported Statement of Undisputed Material Fact on the bases that it is inaccurate and incomplete.  Kids II also argued that Wonderland's proposed constructions are indefinite.  *See* Kids II's Opening Claim Construction Br. (Dkt. #29) at p. 2 ("[F]or the five terms that Kids II asserts are indefinite, Wonderland's proposed constructions are so broad that they offer no clarity and, even if adopted, would render Claim 1 of the '949 Patent invalid.").

26.    On May 20, 2014,   the Court entered a claim construction Opinion and Order that adopted Wonderland's proposed constructions for these three claim terms,   and rejected Kids II's argument that these terms were indefinite. (Ex. 10, pp. 16-18). Specifically,   the Court construed these three claim terms as follows:

- "**a distance between**" = "the amount of space separating"

- "**the two second columns**" = "two of the plurality of second columns; a second column is the outer column of a double column arrangement at a corner of the playpen"

- "**the two first columns**" = "two of the plurality of first columns; the first column is the inner column of a double column arrangement at a corner of the playpen"

(Ex. 10,   p. 18).

**RESPONSE**:    Wonderland objects to this purported Statement of Undisputed Material Fact on the basis that cites to a pleading and does not comply with Local Rule 56.1 B.(1).

To the extent this Court deems that this purported Statement of Undisputed Material fact is properly asserted, Wonderland responds that the Court's Order speaks for itself.

27.    On June 17, 2014, Kids II filed a motion for reconsideration that requested that the Court reconsider and reverse its claim construction Opinion and Order as it relates to whether the claim terms "a distance between," "the two second columns," and "the two first columns" are indefinite as used in Claim 1 of the '949 Patent. (Ex. 11, p. 1). Wonderland opposed Kids II's motion for reconsideration. (Ex. 12, p. 1)

**<u>RESPONSE</u>**:    Wonderland objects to and denies this purported Statement of Undisputed Material Fact on the basis that it cites to pleadings and does not comply with Local Rule 56.1 B.(1).

To the extent this Court deems that this purported Statement of Undisputed Material fact is properly asserted, Wonderland denies this purported Statement of Undisputed Material Fact to the extent it purports to limit the scope of Kids II's request for reconsideration, which addressed the Court's May 20, 2014 Order. *See* Def.'s Ex. 11.

28.    The Court denied Kids II's motion for reconsideration on August 18, 2014. (Ex. 13, p. 6). In doing so, the Court stated that "the specification shows that 'opposite' corners are corners that are diagonally apart from other corners," and "consulting the detailed description of the invention to determine the proper way to

measure 'a distance between' is not limiting the scope of the claims with the specification, but clarifying the scope of the claims." (Ex. 13,  p. 5).

**RESPONSE**:        Wonderland objects to this purported Statement of Undisputed Material Fact on the basis that it cites to a pleading and does not comply with Local Rule 56.1 B.(1).

To the extent this Court deems that this purported Statement of Undisputed Material Fact is properly asserted, Wonderland further denies this purported Statement of Undisputed Material Fact on the basis that it is incomplete as to the basis of the Court's August 17, 2014 Order, which speaks for itself.  *See* Def.'s Ex. 13.  Wonderland admits that the Court denied Kids II's Motion for Reconsideration on August 18, 2014.


29.    However,   the Court did not amend or alter its prior claim construction Opinion and Order dated May 20,  2014 construing the terms "a distance between," "the two second columns," and "the two first columns." (Ex. 13,  p. 6).

**RESPONSE**:        Wonderland objects to and denies this purported Statement of Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on the bases the statement constitutes argument, not fact and to the extent it cites to a pleading.

To the extent this Court deems that this purported Statement of Undisputed Material Fact is properly asserted, Wonderland denies this purported Statement of Undisputed Material Fact on the basis that it inaccurately characterizes and summarizes the Court's August 18, 2014 Opinion & Order.  *See* Def.'s Ex. 13.

30.    Thus,  neither the term "opposite" nor the term "diagonal" are found anywhere in the Court's constructions for the claim terms "a distance between," "the two second columns," and "the two first columns."  (Ex. 10,  p. 18).

**RESPONSE**:    Wonderland objects to and denies this purported Statement of Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on the bases the statement constitutes argument, not fact and to the extent it cites to a pleading.

To the extent this Court deems that this purported Statement of Undisputed Material Fact is properly asserted, Wonderland denies this purported Statement of Undisputed Material Fact on the basis that it inaccurately characterizes and summarizes the ruling of no indefiniteness and the Court's August 18, 2014 Opinion & Order.  *See* Def.'s Ex. 13.

31.     Kids II's invalidity expert,  Dr. William Singhose,  issued his Initial Invalidity Report of William Singhose,  Ph.D. ("Initial Invalidity Report") on August 26,  2014. (Ex. 14).

**RESPONSE**:     Wonderland objects to and denies this purported Statement of Undisputed Material Fact under Local Rule 56.1 B.(1) on the basis that it is not material.

To the extent this Court deems that this purported Statement of Undisputed Material Fact is properly asserted, Wonderland denies that Dr. Singhose is an "invalidity expert" and admits that his Report is dated as indicated.

32.     In his Initial Invalidity Report, Dr. Singhose evaluates whether the three terms "a distance between," "the two second columns," and "the two first columns," *as construed by the Court*, render Claim 1 of the '949 Patent indefinite under 35 U.S.C. ¶ 112. (Ex. 14, ¶¶ 73-74).

**RESPONSE**:     Wonderland objects to this purported Statement of Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on the basis that Kids II's expert's statements and/or "evaluation" are not "material facts" that form the basis for summary judgment.

To the extent this Court deems that this purported Statement of Undisputed Material Fact is properly asserted, Wonderland denies this purported Statement of

Undisputed Material Fact on the basis that it inaccurately characterizes Dr. Singhose's Report, which only recites that Dr. Singhose evaluated the terms as construed by the Court but does not contain an evaluation in the paragraphs noted. Wonderland further responds that Paragraphs 73-74 of Dr. Singhose's Report speak for themselves.  *See* Ex. 14 at ¶¶73-74.

33.    Specifically,  Dr. Singhose evaluates whether the following claim constructions render Claim 1 of the '949 Patent indefinite:

- "the amount of space separating"

- "two of the plurality of second columns; a second column is the outer column of a double column arrangement at a corner of the playpen"

- "two of the plurality of first columns; the first column is the inner column of a double column arrangement at a corner of the playpen"

(Ex. 14, ¶¶ 73-74).

**RESPONSE**:    Wonderland objects to this purported Statement of Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on the basis that Kids II's expert's statements and/or "evaluation" are not "material facts" that form the basis for summary judgment.

To the extent this Court deems that this purported Statement of Undisputed Material Fact is properly asserted, Wonderland denies this Statement of

Undisputed Material Fact on the basis that it inaccurately characterizes Dr. Singhose's Report, which only recites that Dr. Singhose evaluated the terms as construed by the Court but does not contain an evaluation in the paragraphs noted. Wonderland further responds that Paragraphs 73-74 of Dr. Singhose's Report speak for themselves. *See* Ex. 14 at ¶¶73-74.

34.    The Court has not evaluated ***whether its constructions*** set forth in Paragraph 30 render Claim 1 of the '949 Patent indefinite under 35 U.S.C. § 112, ¶ 2. (Exs. 10 & 13).

**<u>RESPONSE</u>**:    Wonderland objects to and denies this purported Statement of Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on the bases the statement constitutes argument, not fact and to the extent it cites to a pleading.

To the extent this Court deems that this purported Statement of Undisputed Material Fact is properly asserted, Wonderland denies this purported Statement of Undisputed Material Fact on the basis that it mischaracterizes the Court's May 20, 2014 and August 18, 2014 Opinions & Orders.  *See* Def.'s Ex. 10 at p. 18; Def.'s Ex. 13 at p. 6.

35.    Dr. Singhose states that the claim term "a distance between," as construed by the Court, requires a person of ordinary skill in the art to measure "the amount of space separating" two of the first columns and two of the second columns. (Ex. 14, ¶ 77).

**RESPONSE**:    Wonderland objects to and denies this purported Statement of Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on the bases that Kids II's expert's statements and/or opinions are not "material facts" that form the basis for summary judgment and that it constitutes argument.

To the extent this Court deems that this purported Statement of Undisputed Material Fact is properly asserted, Wonderland denies the purported Statement of Undisputed Material Fact as an inaccurate characterization of Paragraph 77 of Dr. Singhose's Report.  Paragraph 77 of Dr. Singhose's Report speaks for itself. *See* Ex. 14 at ¶ 77.


36.    Dr. Singhose states that the first and second columns,  such as the ones shown in Figure 2 of the '949 Patent,  are distinct objects that do not share a common surface. (Ex. 14, ¶ 85).  As a result,  one of ordinary skill in the art is required to measure the distance between the two sets of columns starting and ending at different places.  (Ex. 14,  ¶  85).

**RESPONSE**:    Wonderland objects to and denies this purported

Statement of Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on the bases that Kids II's expert's statements and/or opinions are not "material facts" that form the basis for summary judgment and it constitutes argument, not fact.

To the extent this Court deems that this purported Statement of Undisputed Material Fact is properly asserted, Wonderland denies the conclusion that it is in the second sentence of this purported Statement of Undisputed Material Fact. Paragraph 85 of Dr. Singhose's report speaks for itself. *See* Ex. 14 at ¶ 85.

37.    Dr. Singhose states that one of ordinary skill in the art is faced with an infinite array of choices when choosing a starting and ending location for the measurement required by the Court's constructions. (Ex. 14, ¶ 86).  For example, a person of ordinary skill in the art is left questioning whether to measure from the tops of the columns,  the middle of the columns,  or the bottom of the columns. (Ex. 14, ¶ 86).

**<u>RESPONSE</u>**:    Wonderland objects to and denies this purported Statement of Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on the bases that Kids II's expert's statements and/or opinions are not "material facts" that form the basis for summary judgment and the statements constitute argument, not fact.

To the extent this Court deems that this purported Statement of Undisputed

Material Fact is properly asserted, Wonderland denies this purported Statement of Undisputed Material Fact Statement of Undisputed Material Fact on the basis that it disregards the Court's August 18, 2014 Opinion & Order.  Ex. 13.   Paragraph 86 of Dr. Singhose's report speaks for itself.

38.    To illustrate the number of choices,   Dr. Singhose provides the example playpen shown in Singhose Fig. 7 below:



(Ex. 14,   Singhose Fig. 7).

**<u>RESPONSE</u>**:    Wonderland objects to and denies this purported Statement of Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on the bases that Kids II's expert's statements and/or opinions are not "material facts" that form the basis for summary judgment and it constitutes argument, not fact.

To the extent this Court deems that this purported Statement of Undisputed Material Fact is properly asserted, Wonderland denies this purported Statement of Undisputed Material Fact on the basis that it interprets Dr. Singhose's intent as to a

figure in his Report and disregards the Court's August 18, 2014 Order.  *See* Ex. 13.

39.    Dr. Singhose notes that,  to determine whether or not this playpen design meets the Court's constructions,  a person of ordinary skill in the art must choose a vertical height at which to take the measurement.  (Ex. 14, ¶ 88).

**RESPONSE**:        Wonderland objects to this purported Statement of Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on the bases that Kids II's expert's statements and/or opinions are not "material facts" that form the basis for summary judgment and it constitutes argument, not fact.

To the extent this Court deems that this purported Statement of Undisputed Material Fact is properly asserted, Wonderland denies the purported Statement of Undisputed Material Fact on the bases that Kids II's paraphrasing of Dr. Singhose's Report is inaccurate, particularly as to quotation marks and the purported Statement of Undisputed Material Fact disregards the Court's August 18, 2014 Opinion & Order.  *See* Ex. 13.   Paragraph 88 of Dr. Singhose's Report speaks for itself.

40.    Dr. Singhose provides an example of two such choices for the vertical height at which to take the measurement in Singhose Fig. 8 below:



(Ex. 14,  Singhose Fig. 8).

**RESPONSE**:    Wonderland objects to this purported Statement of Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on the bases that Kids II's expert's statements and/or opinions are not "material facts" that form the basis for summary judgment and it constitutes argument, not fact.

To the extent this Court deems that this purported Statement of Undisputed Material Fact is properly asserted, Wonderland denies the purported Statement of Undisputed Material Fact on the basis that the purported Statement of Undisputed Material Fact disregards the Court's August 18, 2014 Opinion & Order. *See* Ex. 13. Wonderland further responds that Dr. Singhose's Report speaks for itself with respect to Figure 8 therein.

41.    In Case 1,  a person of ordinary skill in the art measures near the top of the columns and finds that the two first (inner) columns are closer together than

the two second (outer) columns. (Ex. 14, ¶ 90).  This measurement satisfies the Distance Limitation, as construed by the Court. (Ex. 14, ¶ 90).

**RESPONSE**:        Wonderland objects to denies this purported Statement of Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on the bases that Kids II's expert's statements and/or opinions are not "material facts" that form the basis for summary judgment and it constitutes argument, not fact.

To the extent this Court deems that this purported Statement of Undisputed Material fact is properly asserted, Wonderland denies this purported Statement of Undisputed Material Fact to the extent it suggests that the Court used the term "Distance Limitation."  Wonderland further responds that Paragraph 85 of Dr. Singhose's Report speaks for itself.

42.    However,  in Case 2,  a person of ordinary skill in the art measures near the middle of the columns and finds that the two first (inner) columns are further apart than the two second (outer) columns. (Ex. 14, ¶ 90).  In contrast,  this measurement does not satisfy the Distance Limitation,   as construed by the Court. (Ex. 14, ¶ 90).

**RESPONSE**:        Wonderland objects to and denies this purported Statement of Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on the bases that Kids II's expert's statements and/or opinions are not "material facts"

that form the basis for summary judgment and it is argument, not fact.

To the extent this Court deems that this purported Statement of Undisputed Material Fact is properly asserted, Wonderland denies this purported Statement of Undisputed Material Fact on the basis that it disregards the Court's August 18, 2014 Opinion & Order. *See* Ex. 13.

43.   Dr. Singhose further notes that the curved surfaces commonly found on the columns of playpens,   such as the columns shown in Figure 2 of the '949 Patent,   create yet another infinite set of choices that require yet another arbitrary choice by a person of ordinary skill in the art.  (Ex. 14,   ¶ 94).

**RESPONSE**:        Wonderland objects to and denies this purported Statement of Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on the bases that Kids II's expert's statements and/or opinions are not "material facts" that form the basis for summary judgment and it constitutes argument, not fact.

To the extent this Court deems that this purported Statement of Undisputed Material Fact is properly asserted, Wonderland denies the purported Statement of Undisputed Material Fact on the bases that it is inaccurate and disregards the Court's August 18, 2014 Opinion & Order.  *See* Ex. 13.  Wonderland further responds that Paragraph 94 of Dr. Singhose's report speaks for itself.

44.    For example,  Dr. Singhose provides an example of an overhead view of a playpen having columns with curved surfaces in Singhose Fig. 10 below:



(Ex. 14,  Singhose Fig. 10).

**RESPONSE**:    Wonderland objects to and denies this purported Statement of Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on the bases that Kids II's expert's statements and/or opinions are not "material facts" that form the basis for summary judgment and it constitutes argument, not fact.

To the extent this Court deems that this purported Statement of Undisputed Material Fact is properly asserted, Wonderland denies this purported Statement of Undisputed Material Fact on the bases that it inaccurate and disregards the Court's August 18, 2014 Opinion & Order.  *See* Ex. 13.  Wonderland further responds that

Figure 10 of Dr. Singhose's Report speaks for itself.

45.    Dr. Singhose notes that,  in this example,  there are various possible measurements between the columns at A and D that can be taken by one of ordinary skill in the art. (Ex. 14,  ¶ 95).

**RESPONSE**:      Wonderland objects to this purported Statement of Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on the bases that Kids II's expert's statements and/or opinions are not "material facts" that form the basis for summary judgment and it constitute argument, not fact.

To the extent this Court deems that this purported Statement of Undisputed Material Fact is properly asserted, Wonderland denies the purported Statement of Undisputed Material Fact on the bases that it is inaccurate and disregards the Court's August 18, 2014 Opinion & Order.  *See* Ex. 13. Wonderland further responds that Paragraph 95 of Dr. Singhose's Report speaks for itself.

46.    Specifically,  to measure the distance required by the Court's constructions between two first columns,  a person of ordinary skill must first decide where on the curved exterior surface of the columns to start and end the measurement. (Ex. 14,  ¶ 96).  One of ordinary skill in the art could start and end

the measurement at the top of each of the two first columns, as illustrated by Case 1a, or on the surfaces of each of the two first columns, as shown in Case 1b in Singhose Fig. 10 above. (Ex. 14, ¶ 96).

**<u>RESPONSE:</u>**   Wonderland objects to and denies this purported Statement of Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on the bases that Kids II's expert's statements and/or opinions are not "material facts" that form the basis for summary judgment and it constitutes argument and/or opinion, not fact.

To the extent this Court deems that this purported Statement of Undisputed Material Fact is properly asserted, Wonderland denies this purported Statement of Undisputed Material Fact on the basis that it disregards the Court's August 18, 2014 Opinion & Order. *See* Ex. 13. Wonderland further responds that Paragraph 96 of Dr. Singhose's Report speaks for itself.


47.   Similarly, to measure the distance required by the Court's construction between two second columns, a person of ordinary skill could take the measurement an infinite set of possible locations, but two possible locations - Case 2a and 2b - are shown in Singhose Fig. 10 above. (Ex. 14, ¶ 97).

**<u>RESPONSE:</u>**   Wonderland objects to and denies this purported

Statement of Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on the bases that Kids II's expert's statements and/or opinions are not "material facts" that form the basis for summary judgment and it constitutes argument and/or opinion, not fact.

To the extent this Court deems that this purported Statement of Undisputed Material Fact is properly asserted, Wonderland denies this purported Statement of Undisputed Material Fact on the basis that it Wonderland denies this purported Statement of Undisputed Material Fact on the basis that it disregards the Court's August 18, 2014 Opinion & Order.  *See* Ex. 13.  Wonderland further responds that Paragraph 97 of Dr. Singhose's Report speaks for itself.

48.    Dr. Singhose concludes that depending on what measurements are utilized in the example shown in Singhose Fig. 10,   the Distance Limitation of Claim 1,   as construed by the Court,   may,   or may not,   be satisfied. (Ex. 14,   ¶ 98).

**RESPONSE**:    Wonderland objects to and denies this purported Statement of Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on the bases that Kids II's expert's statements and/or opinions are not "material facts" that form the basis for summary judgment and it constitutes argument and/or opinion, not fact.

To the extent this Court deems that this purported Statement of Undisputed Material fact is properly asserted, Wonderland denies this purported Statement of Undisputed Material Fact on the basis that it disregards the Court's August 18, 2014 Opinion & Order.  *See* Ex. 13. Wonderland further responds that Paragraph 98 of Singhose's Report speaks for itself.

49.   In Singhose Figure 12 below,  Dr. Singhose provides a sectional view of an example of a four-sided,  rectangular playpen quite similar to the one provided in Figure 2 of the '949 Patent. (Ex. 14,  ¶ 106).



(Ex. 14,  Singhose Fig. 12).

**RESPONSE:**      Wonderland objects to and denies this purported Statement of Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on the bases that Kids II's expert's statements and/or opinions are not "material facts"

that form the basis for summary judgment and it constitutes argument and/or opinion, not fact.

To the extent this Court deems that this purported Statement of Undisputed Material Fact is properly asserted, Wonderland denies that what is shown in Figure 12 is a playpen and further denies the purported Statement of Undisputed Material Fact on the bases that it is inaccurate and disregards the Court's August 18, 2014 Opinion & Order.  *See* Ex. 13.   Wonderland further responds that Dr. Singhose's Report speaks for itself with respect to Figure 8 therein.


50.    In Singhose Fig. 12,  the first (inner) columns are shown in small red circles,   and the second (outer) columns are shown as large blue circles.  (Ex. 14, ¶ 106). In Case 1,   the measurements required by the Court's constructions are taken between corner A and B. In this case the inner columns are closer together than the outer columns and the Distance Limitation is met. (Ex. 14,   ¶ 106).  In Case 2,   the measurements are taken between corners A and D.  In this case the first and second columns are exactly the same distance apart and the Distance Limitation is not met.  (Ex. 14,   ¶ 106).

**RESPONSE**:    Wonderland objects to and denies this purported Statement of Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on

the bases that it contains numerous opinions, Kids II's expert's statements and/or opinions are not "material facts" that form the basis for summary judgment and it constitutes argument and/or opinion, not fact.

To the extent this Court deems that this purported Statement of Undisputed Material Fact is properly asserted, Wonderland denies that what is shown is a playpen and further denies the purported Statement of Undisputed Material Fact on the basis that it is inaccurate and disregards the Court's August 18, 2014 Opinion & Order. *See* Ex. 13. Wonderland further responds that Paragraph 106 of Dr. Singhose's Report speaks for itself.

51.   In his Rebuttal Report in Response to Infringement Analysis of Mr. Jerry Drobinski, Dr. Singhose provides measurements between sets of support tubes and retention tubes in Model Nos. 7066, 60020, 60072, 60282, and 60286 by placing a number of restrictions on the measurements to obtain a tractable engineering measurement process. (Ex. 15, pp. 108-110; 116-117; 122-123; 128-129; and 134-135). Specifically, he measured in a straight-line path using a steel measuring tape between sets of support tubes and retentions tube along the ends, along the sides, and along the diagonal at three different vertical heights. (Ex. 15, pp. 108-110; 116-117; 122-123; 128-129; and 134-135). Dr.

Singhose concluded that the choice of how the measurement was taken and what two sets of support tubes and retention tubes determines whether or not the accused playpens fall within or outside the scope of the Distance Limitation,  as construed by the Court.  (Ex. 15,  pp. 108-110; 116-117; 122-123; 128-129; and 134-135).

**RESPONSE**:   Wonderland objects to and denies this purported Statement of Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on the bases that Kids II's expert's statements and/or opinions are not "material facts" that form the basis for summary judgment and it constitutes argument and/or opinion, not fact.

To the extent this Court deems that this purported Statement of Undisputed Material Fact is properly asserted, Wonderland denies that what is shown is a playpen.   Wonderland further denies this purported Statement of Undisputed Material Fact on the bases that it is inaccurate and disregards the Court's August 18, 2014 Opinion & Order.  *See* Ex. 13.   Wonderland further responds that the above-cited paragraphs of  Dr. Singhose's Rebuttal Report speak for themselves.

52.   Mr. Jerry Drobinski,   Wonderland validity expert,  served his Response Report - Validity of Selected Asserted Claims of U.S. Patent Numbers 6, 954, 949 & RE43, 919 ("Response Report") on Kids II on October 6,  2014.  (Ex. 16).

**RESPONSE**:     Wonderland objects to and denies this purported Statement of Undisputed Material Fact under Local Rule 56.1 B.(1) on the basis that it is not material.

To the extent this Court deems that this purported Statement of Undisputed Material Fact is properly asserted, Wonderland denies that Jerry Drobinski "served" a Report on Kids II but admits that Jerry Drobinski's Response Report is dated October 6, 2014.

53.    In his Response Report,  Mr. Drobinski does not offer an opinion on whether the three terms "a distance between, " "the two second columns, " and "the two first columns, " *as construed by the Court*,  render Claim 1 of the '949 Patent indefinite under 35 U.S.C. ¶ 112. (Ex. 16,  p. 9 & Ex. D,  pp. 1-22).

**RESPONSE**:     Wonderland objects to and denies this purported Statement of Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on the bases the statement constitutes argument, not fact.

To the extent this Court deems that this purported Statement of Undisputed Material fact is properly asserted, Wonderland denies this purported Statement of Undisputed Material Fact as inaccurately characterizing Mr. Drobinski's Report. *See* Def.'s Ex. 16 at p. 9.

54.     Rather,  Mr. Drobinski simply states that he agrees with the Court's Opinion and Order denying Kids II's motion for reconsideration dated August 18, 2014,  and that it is his understanding that the Court's Opinion and Order resolves the issue of indefiniteness. (Ex. 16,  p. 9 & Ex. D,  pp. 1-22).

**<u>RESPONSE</u>**:     Wonderland objects to and denies this purported Statement of Undisputed Material Fact as improper under Local Rule 56.1 B.(1) on the bases the statement constitutes argument, not fact.

To the extent this Court deems that this purported Statement of Undisputed Material fact is properly asserted, Wonderland denies this purported Statement of Undisputed Material Fact as an inaccurate paraphrasing of Mr. Drobinski's Report, which speaks for itself.  *See* Def.'s Ex. 16 at p. 9.

55.     Mr. Curt Hartenstine testified that, in a three-sided playpen, "it's judgement what looks opposite in a 3-cornered playard.  Maybe none.  I don't know." (Ex. 17, 130:9-20 & Ex. 14 thereto).

**<u>RESPONSE</u>**:     Wonderland denies this purported Statement of Undisputed Material Fact as inaccurately and incompletely quoting the selected testimony.  *See* Def.'s Ex. 17 at 130:9-20.

Dated:  August 17, 2015


                                        /s/ David I. Roche_____

Shattuck Ely                            David I. Roche (admitted *pro hac vice*)
GA Bar No. 246944                       David.Roche@bakermckenzie.com
tely@fellab.com                         Shima S. Roy (admitted *pro hac vice*)
225 Peachtree Street, NE                Shima.Roy@bakermckenzie.com
Suite 2300, South Tower                 Daniel A. Tallitsch (admitted *pro hac vice*)
Atlanta, Georgia 30303                  Daniel.Tallitsch@bakermckenzie.com
Phone: (404) 586-9200                   Baker & McKenzie LLP
Fax: (404) 586-9201                     300 E. Randolph Street, Suite 5000
                                        Chicago, IL 60601
                                        Phone: (312) 861-8000
                                        Fax: (312) 861-2899

                                        *Attorneys for Plaintiff Wonderland*
                                        *Nurserygoods Co., Ltd.*


## CERTIFICATION PURSUANT TO LOCAL RULE 7.1D

By signature below, counsel certifies that the foregoing document was

prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1B.

Signed: August 17, 2015

                                        /s/ David I. Roche_____
                                        David I. Roche (admitted *pro hac vice*)
                                        David.Roche@bakermckenzie.com
                                        Baker & McKenzie LLP
                                        *Attorneys for Plaintiff Wonderland*
                                        *Nurserygoods Co., Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT OF INVALIDITY OF CLAIM 1 OF U.S. PATENT NO. 6,954,949 with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

Dated: August 17, 2015

/s/ David I. Roche _____