## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

WONDERLAND NURSERYGOODS
CO., LTD.,

      Plaintiff,

v.

KIDS II, INC.,

      Defendant.

Civil Action No:

1:13-CV-1114-ELR

## KIDS II, INC.'S BRIEF IN OPPOSITION TO WONDERLAND'S MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY OF <u>U.S. PATENT RE43,919 UNDER 35 U.S.C § 102(g)</u>

# TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................1

II.   FACTUAL BACKGROUND.................................................................3

A.   The Subject Matter of the Asserted Claims.......................................3

█   ████████████████████████████████████████████

█   ████████████████████████████████████████████

█  ████████████████████████████████████████████████

III.  ARGUMENT AND CITATION OF AUTHORITIES ...................................8

A.   The Legal Standard for Summary Judgment....................................8

B.   The Legal Standard for Anticipation Under 35 U.S.C. § 102(g). .................10

C.   There are Genuine Disputed Issues of Material Fact as to ██████
████████████████████████████████████████████████

    i.   There are Genuine Disputed Issues of Material Fact as ████████
████████████████████████████████████████████████

    ii.   There are Genuine Disputed Issues of Material Fact as ████████
████████████████████████████████████████████████

    iii.  There are Genuine Issues of Material Fact as ████████████
████████████████████████████████████████████████

█  ████████████████████████████████████████████████
█  █████████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

IV.   CONCLUSION.................................................................................25

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby , Inc.*, 477 U.S. 242 (1986)..............................................9

*Cooper v. Goldfarb*, 154 F.3d 1321 (Fed. Cir. 1998).......................... 10, 14, 16, 23

*Estee Lauder, Inc. v. L'Oreal, S.A.*, 129 F.3d 588 (Fed. Cir. 1997) .......................24

*FindWhat Investor Group v. FindWhat.com*, 658 F.3d 1282 (11th Cir. 2011) .........9

*Graham v. State Farm Mutual Ins., Co.*, 193 F.3d 1274 (11th Cir. 1999)...............9

*Herzog v. Castle Rock Entertainment*, 193 F.3d 1241 (11th Cir. 1999) ..................9

*King Instrument Corp. v. Otari Corp.*, 767 F.2d 853 (Fed. Cir. 1985) ..................10

*Price v. Symsek*, 988 F.2d 1187 (Fed. Cir. 1993) ...................................... 10, 15, 22

*Slip Track Sys. v. Metal-Lite, Inc.*, 304 F.3d 1256 (Fed. Cir. 2002)................. 10, 18

## I.    INTRODUCTION

Wonderland asserts that Claims 15, 19-21, and 27-29 ("the Asserted Claims") of U.S. Patent No. RE43,919 ("the '919 Patent") are not invalid as anticipated under 35 U.S.C. § 102(g). (Dkt. No. 151). ███████████

█████████████████████████████████████████████

████████████████████████████████████████████

████████████ Because the evidence demonstrates that Wonderland has not met its burden of showing an absence of genuine disputed issues of material fact as to which invention was conceived and reduced to practice first, Wonderland's Motion should be denied by the Court.

In a contest for priority of invention under Section 102(g), priority goes to the first inventor to conceive the invention who exercised reasonable diligence in reducing that invention to practice. Once a date of actual reduction to practice has been established for the first inventor, the evidence of his diligence can then be examined backwards in time to identify his earliest date of conception. The same can be done for the second inventor. Assuming both inventors were diligent, the inventor having the earlier date of conception is legally the "first to invent."

In attempt to circumvent the genuine disputed issues of material fact that remain for trial on the question of who was "first to invent," ███████████

1

to . For example,

2

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████

When these numerous factual disputes are considered in a light most favorable to Kids II – as they must be on summary judgment – Wonderland has neither rebutted Kids II's compelling case for invalidity of the Asserted Claims under 35 U.S.C. § 102(g) nor shown the absence of genuine disputed material facts remaining for trial. Wonderland's motion should be denied.

## II.     FACTUAL BACKGROUND

### A. The Subject Matter of the Asserted Claims.

The '919 Patent was filed on October 26, 2006, as a reissue of U.S. Patent No. 6,859,957 and is titled "Baby Crib." The '919 patent lists Mr. Chen as its sole inventor. (SAMF, ¶ 1). Among the Asserted Claims, Claims 15 and 20 are the only two independent claims. (SAMF, ¶ 2). Claim 15 includes, among others, the following limitations: (1) "a plurality of upright tubes defining corners of the baby crib," (2) "an enclosure member including a plurality of side panels," and (3) "a plurality of positioning provided on the enclosure member," "wherein the positioning posts are lodged inside the upright tubes," and "the outwardly facing

3

surface of each of the upright tubes is exposed on an outside of the enclosure member." (SAMF, ¶ 3).  Claim 20, includes, among others, the following limitations: (1) "a frame structure including a plurality of support tubes," (2) "an enclosure member including a plurality of side panels having edge portions," and (3) "an attachment structure configured to mount and secure the edge portions of the enclosure member along the support tubes," wherein "the outwardly facing surface of each of the upright tubes is exposed on an outside of the enclosure member." (SAMF, ¶ 4). ████████████████████████████

████████████████████

        ████████████████████████████

        ████████████████████████████

████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

    Mr. Troutman is the sole inventor of U.S. Patent No. 7,568,242 ("the '242 Patent"), titled "Play Yards and Methods of Operating the Same," which is assigned to Kolcraft. (SAMF, ¶ 6).  When asked about Figure 1 of the '242 Patent, Mr. Troutman ████████████████████████████████

████████████████████████████████████

███████████████████████████████████████████

████████████████████ For reference, Figure 14 of Mr. Troutman's '242

Patent (left) is reproduced side-by-side with Figure 5 of Mr. Chen's '919

Patent (right): (SAMF, ¶¶ 9-10).



**Figure 14 of Troutman's '242 Patent**     **Figure 5 of Chen's '919 Patent**









### III.   ARGUMENT AND CITATION OF AUTHORITIES
#### A. The Legal Standard for Summary Judgment.

Summary judgment is only appropriate when "there is no genuine dispute as

to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a).  There is a "genuine" dispute as to a material fact if "the

evidence is such that a reasonable jury could return a verdict for the nonmoving

party." *Anderson v. Liberty Lobby , Inc.*, 477 U.S. 242, 248 (1986).  In making this

determination, "a court may not weigh conflicting evidence or make credibility

determinations of its own." *FindWhat Investor Group v. FindWhat.com*, 658 F.3d

1282, 1307 (11th Cir. 2011); *see also Graham v. State Farm Mutual Ins., Co.*, 193

F.3d 1274, 1282 (11th Cir. 1999) ("[C]redibility determinations, the weighing of

evidence, and the drawing of inferences from the facts are the function of the jury.

. . .").  Instead, the court must "view all of the evidence in the light most favorable

to the nonmoving party and draw all reasonable inferences in that party's favor."

*FindWhat.com*, 658 F.3d at 1307.

The moving party bears the initial burden of demonstrating the absence of a

genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

(1986).  If the moving party meets this burden, the non-movant must demonstrate

that summary judgment is inappropriate by designating specific facts showing a

genuine issue for trial. *Graham*, 193 F.3d at 1282. "If the record presents factual

issues, the court must not decide them; it must deny the motion and proceed to

trial." *Herzog v. Castle Rock Entertainment*, 193 F.3d 1241, 1246 (11th Cir. 1999).

**B. The Legal Standard for Anticipation Under 35 U.S.C. § 102(g).**

Priority of invention "focuses on which party first invented the subject

matter." *Price v. Symsek*, 988 F.2d 1187, 1190 (Fed. Cir. 1993).  "Priority goes to

the first party to reduce an invention to practice unless the other party can show

that it was the first to conceive the invention and that it exercised reasonable

diligence in later reducing that invention to practice." *Id.* at 1190.  "In order to

establish an actual reduction to practice, the inventor must prove that: (1) he

constructed an embodiment or performed a process that met all the limitations of

the interference count; and (2) he determined that the invention would work for its

intended purpose." *Cooper v. Goldfarb*, 154 F.3d 1321, 1327 (Fed. Cir. 1998).

"But, in order for there to be a reduction to practice, there is no requirement that

the invention when tested be in a commercially satisfactory stage of development."

*King Instrument Corp. v. Otari Corp.*, 767 F.2d 853, 861 (Fed. Cir. 1985).  Testing

is not required for inventions so simple and their purpose and efficacy so obvious

that their complete construction is sufficient to demonstrate workability. *See Slip*

*Track Sys. v. Metal-Lite, Inc.*, 304 F.3d 1256, 1268 (Fed. Cir. 2002).

**C. There are Genuine Disputed Issues of Material Fact as to Whether**
███████████████████████████████████████████████

███████████████████████████████████████████████

10



<hr />

[1] Citations to certain pages in this Court's docket include references to the page numbers placed by the Court's CM/ECF system in the upper-right hand corner.





13







16







19





██████████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████

Because disputed issue of fact remain for trial on the issue of whether Mr.

Troutman conceived an exposed tube playard earlier than Mr. Chen, Wonderland's

Motion should be denied.

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████   However, priority of invention

is a question of law to be determined ***based on underlying facts***, ███████████

████████████████████████████████████████████████████

█████████████████████████████████

---

████████████████████████████████████████████████████

[5] █████████████████████████████████████████████████

████████████████████████████████

22



23



24



Accordingly, there are disputed issues of fact remaining for trial as to who is or are the true inventor(s) of the '919 patent, and Wonderland's motion for summary judgment should be denied on this additional ground.

## IV.   CONCLUSION

For the reasons set forth herein, there are material factual disputes as to the invalidity of the Asserted Claims under 35 U.S.C. § 102(g) in view of the prior invention by Mr. Troutman in the United States.  Accordingly, Wonderland's Motion should be denied, and the question of who was the first to invent should remain for trial.

25

Respectfully submitted this 17th day of August, 2015.

/s/ Scott P. Amy
N. Andrew Crain
Georgia Bar No. 193081
Dan R. Gresham
Georgia Bar No. 310280
Eric Maurer
Georgia Bar No. 478199
Scott P. Amy
Georgia Bar No. 141416
Jason Perilla
Georgia Bar No. 676557
THOMAS | HORSTEMEYER LLP
400 Interstate North Parkway SE
Suite 1500
Atlanta, Georgia 30339
Phone: (770) 933-9500
Fax: (770) 951-0933
andrew.crain@thomashorstemeyer.com
eric.maurer@thomashorstemeyer.com
scott.amy@thomashorstemeyer.com
jason.perilla@thomashorstemeyer.com

Joseph W. Staley
Georgia Bar No. 142571
KIDS II, INC.
3333 Piedmont Road NE #1800
Atlanta, GA 30305
Phone: (770) 751-0442
Fax: (770) 751-0543
joe.staley@kidsii.com

*Attorneys for Defendant Kids II, Inc.*

26

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

WONDERLAND
NURSERYGOODS CO., LTD.

      Plaintiff,

v.

KIDS II, INC.

      Defendant.

CIVIL ACTION NO:

1:13-CV-1114-ELR

## LOCAL RULE 7.1D CERTIFICATION

The undersigned hereby certifies that the foregoing KIDS II'S BRIEF IN OPPOSITION TO WONDERLAND'S MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY OF U.S. PATENT NO. RE43,919 UNDER 35 U.S.C. 102(g) was prepared in Times New Roman 14 point, which is one of the font and point selections approved by the Court under Local Rule 5.1B.

Dated this 17th day of August, 2015.

*/s/ Scott P. Amy*
Scott P. Amy

*Attorney for Defendant Kids II, Inc.*

27

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

WONDERLAND
NURSERYGOODS CO., LTD.

     Plaintiff,

v.

KIDS II, INC.

     Defendant.

CIVIL ACTION NO:

1:13-CV-1114-ELR

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically filed the foregoing KIDS II'S BRIEF IN OPPOSITION TO WONDERLAND'S MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY OF U.S. PATENT NO. RE43,919 UNDER 35 U.S.C. 102(g) with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

Dated this 17th day of August, 2015.

                        */s/ Scott P. Amy*
                        Scott P. Amy

                        *Attorney for Defendant Kids II, Inc.*

28