## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

WONDERLAND NURSERYGOODS
CO., LTD.,

      Plaintiff,

v.

KIDS II, INC.,

      Defendant.

Civil Action No:

1:13-CV-1114-ELR

**KIDS II'S RESPONSE TO WONDERLAND'S STATEMENT OF MATERIAL FACTS IN OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY UNDER 35 U.S.C § 102(g) BASED ON <u>PRIOR INVENTION BY DAMON TROUTMAN</u>**

Pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1(B)(2), Defendant Kids II, Inc. ("Kids II") files this Response to Wonderland's Statement of Material Facts in Opposition to Wonderland's Motion for Summary Judgment of No Invalidity Under 35 U.S.C. § 102(g) Based on Prior Invention by Damon Troutman (Dkt. No. 151):

     *1.    The invention of asserted claims 15, 19, 29 and 20, 21, 27, 28 of US Reissue Patent 43,919 (the '919 patent) is fully disclosed in the Chinese priority Application 2004200018045, filed January 2, 2004, and a certified copy of that priority application is part of the file history of U.S. patent 6,859,957, the parent of the '919 patent. <u>Exhibit 13</u> (WL-K2 000181-191).*

**Response: Denied Because the Fact Fails to Comply with the Provisions Set Out in L.R. 56.1 B.(1), and the Evidence Does Not Fully Support the Fact.**

The proposed fact fails to comply with the provisions of L.R. 56.1 B.(1) because it is stated as a legal conclusion.  Specifically, the proposed fact is stated as a legal conclusion that Chinese Application 2004200018045 supports the entire subject matter of Claims 15, 19-21, and 27-29 ("the Asserted Claims") of U.S. Patent No. RE43,919 ("the '919 Patent") in the manner required by § 112.  "Under section 119, [] claims set forth in a United States application are entitled to the benefit of a foreign priority date if the corresponding foreign application supports the claims in the manner required by section 112, para. 1." *In re Gosteli*, 872 F.2d 1008, 1010 (Fed. Cir. 1989)(citing *In re Wertheim*, 541 F.2d 257, 261-62 (CCPA 1976)).  At the same time, the cited evidence does not fully support and other evidence refutes the legal conclusion.

2.    *The claims of the '919 patent are directed to a playard that has a fabric enclosure and corner tubes that support the fabric walls of the playard in a way that allows the fabric to remain out of contact with the outwardly facing surfaces of the corner tubes.  A copy of the '919 Patent is attached as* <u>*Exhibit 3*</u>*.*

**Response: Admitted-in-Part, but the Evidence Does Not Fully Support the Fact.**  Kids II admits that the '919 Patent is directed to a playard.  However, the evidence does not fully support the proposed fact.  None of the claims of the

'919 Patent recite, *verbatim* or *ipsissima verba*, "a playard that has . . . corner tubes that support the fabric walls of the playard in a way that allows the fabric to remain out of contact with the outwardly facing surfaces of the corner tubes." (Ex. 4, 3:55-6:41).  None of the claims of the '919 Patent recite the terms "fabric enclosure," "corner tubes," or "allows the fabric." (Ex. 2, 3:55-6:41).

3.    *Claim 15 of the '919 patent calls for, in part, "A baby crib comprising: a plurality of upright tubes defining corners of the baby crib ... and side panels extending between the upright tubes substantially out of contact with the outside surfaces of the outer walls of the upright tubes, such that the outwardly facing surface of each of the upright tubes is exposed on an outside of the enclosure member." Ex. 3 at 5:6-8, 19-24.*

**Response: Admitted.**

4.    *Claim 20 of the '919 patent calls for, inter alia, "A baby crib comprising: a frame structure including a plurality of support tubes, ... whereby each of the side panels surround an enclosed space and each of the side panels extends generally between two of the support tubes substantially out of contact with outwardly facing surfaces of the outer walls thereof, such that the outwardly facing surface of each of the upright tubes is exposed on an outside of the enclosure member. Ex. 3 at 5:37-38, 6:4-9.*

**Response: Admitted.**

5.    *Exposed tube legs are a necessary limitation of the '919 patent.  Ex. 3 at 5:6-8, 19-24, 5:37-38-6:4-9.*

**Response: Admitted-in-Part, but the Evidence Does Not Fully Support the Fact.**  Kids II admits that independent Claims 15 and 20 recite side panels that extend "substantially out of contact with the outside surfaces" of upright tubes

such that "the outwardly facing surface of each of the uprights tubes is exposed." (Ex. 1, 5:15-25, 6:4-8).  However, the evidence does not fully support the proposed fact.  None of the claims of the '919 Patent recite, *verbatim* or *ipsissima verba*, the term "exposed tube legs." (Ex. 1, 3:55-6:41).



"Priority goes to the first party to reduce an invention to practice unless the other party can show that it was the first to conceive the invention and that it exercised reasonable diligence in later reducing that invention to practice." *Price*, 988 F.2d at 1190 (citing *Lutzker v. Plet*, 843 F.2d 1364, 1366 (Fed. Cir. 1988)).  "In order to establish an actual reduction to practice, the inventor must prove that: (1) he constructed an embodiment or

performed a process that met all the limitations of the interference count; and (2) he determined that the invention would work for its intended purpose." *Cooper v. Goldfarb*, 154 F.3d 1321, 1327 (Fed. Cir. 1998). ████████████████████

████████████████████████████████████████████

████████████████████████████████ However, "[p]riority of invention is a question of law to be determined based upon underlying factual determinations." *Innovative Scuba Concepts, Inc. v. Feder Indus.*, 26 F.3d 1112, 1115 (Fed. Cir. 1994)(citing *Price v. Symsek*, 988 F.2d 1187, 1190 (Fed. Cir. 1993)).

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

████







Additionally, "a reduction to practice does not occur until an inventor, or perhaps his agent, knows that the invention will work for its intended purpose." *Estee Lauder, Inc. v. L'Oreal, S.A.*, 129 F.3d 588, 593 (Fed. Cir. 1997).



.



10.     Damon Troutman is the named inventor on U.S. Patent No. 7,568,242 B2.  A copy of the '242 patent is attached as <u>Exhibit 1.</u>

**Response: Admitted.**



The question at issue in Wonderland's Motion for Summary

Judgment of no Invalidity under 35 U.S.C. § 102(g) is whether the invention

defined by the Asserted Claims of the '919 patent was made in this country by Mr.

Troutman before the invention of the '919 patent. *See* 35 U.S.C. § 102(g).

Whether or not ████████████████████████ is not material

████████████████████████████████████. *See*

35 U.S.C. § 102(g).

12.   *The deposition of Damon Troutman occurred on August 7, 2014, in Chicago, Illinois. Troutman Dep. Tr. (Ex. 4) at 6:1-7.*

**Response: Admitted.**





































































Respectfully submitted this 17th day of August, 2015.

*/s/ Scott P. Amy*

N. Andrew Crain
Georgia Bar No. 193081
Dan R. Gresham
Georgia Bar No. 310280
Eric Maurer
Georgia Bar No. 478199
Scott P. Amy
Georgia Bar No. 141416
Jason Perilla
Georgia Bar No. 676557
THOMAS | HORSTEMEYER LLP
400 Interstate North Parkway SE
Suite 1500
Atlanta, Georgia 30339
Phone: (770) 933-9500
Fax: (770) 951-0933
andrew.crain@thomashorstemyer.com
eric.maurer@thomashorstemyer.com
scott.amy@thomashorstemyer.com
jason.perilla@thomashorstemyer.com

Joseph W. Staley
Georgia Bar No. 142571
KIDS II, INC.
3333 Piedmont Road NE #1800
Atlanta, GA 30305
Phone: (770) 751-0442
Fax: (770) 751-0543
joe.staley@kidsii.com

*Attorneys for Defendant Kids II, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

WONDERLAND
NURSERYGOODS CO., LTD.

     Plaintiff,

v.

KIDS II, INC.

     Defendant.

CIVIL ACTION NO:

1:13-CV-1114-ELR

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing Response to Wonderland's Statement of Material Facts in Opposition to Wonderland's Motion for Summary Judgment of No Invalidity Under 35 U.S.C. § 102(g) Based on Prior Invention by Damon Troutman (Dkt. No. 151) with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

Dated this 17th day of August, 2015.

*/s/ Scott P. Amy*

Scott P. Amy
*Attorney for Defendant Kids II, Inc.*