# Exhibit C

# THE NATIONAL LAW REVIEW

## Antares Pharma Bolsters the "Original Patent" Rule for Reissued Patents

posted on: Thursday, November 20, 2014

On November 17, the **Federal Circuit decided** *Antares Pharma, Inc. v. medac Pharma Inc.*, **holding reissued patent claims invalid** for **failing to comply with the "original patent" requirement** of 35 U.S.C. § 251. The court's decision casts a spotlight on the original patent rule and reinvigorates the little-used doctrine as an invalidity defense against reissued patent claims.

In *Antares Pharma*, the plaintiff alleged infringement of U.S. Patent RE44,846. Specifically, the plaintiff asserted four claims that had been added through reissue proceedings to broaden the original patent. The original claims were directed to various embodiments of a jet injection device, and the asserted reissue claims covered particular safety features for any injection device. The patentee sought a preliminary injunction, which the district court denied. The court found substantial questions of validity regarding whether the reissued claims impermissibly recaptured subject matter surrendered during prosecution to obtain the original claims.



Article By        Marshall J. Schmitt
Andrew T. Dufresne
Michael Best & Friedrich LLP
Client Alert

Biotech, Food, Drug
Intellectual Property
Litigation / Trial Practice
Federal Circuit / U.S. Court of Spec. Jurisdiction

On appeal, the Federal Circuit declined to address the recapture issue. The court instead decided the case by invoking the original patent rule, an issue that had been argued but not resolved below.

Section 251, which governs reissue applications, states in pertinent part that where a patentee has by error claimed more or less that it had a right to claim in a patent, the Patent Office will "reissue the patent for the invention *disclosed in the original patent*." The italicized provision had previously been applied in a manner analogous to the written description requirement to require that reissue claims found adequate support in the disclosure of the original patent. In *Antares Pharma*, however, the Federal Circuit turned to Supreme Court precedents dating back as far as 1854 to read a more stringent standard into the "original patent" provision of § 251. In particular, the court held that whether or not the written description requirement was satisfied, "the specification must clearly and unequivocally disclose the newly claimed invention as a separate invention."

Applying that standard to the reissue claims on appeal, the court not only affirmed the denial of a preliminary injunction, but also held the asserted reissue claims invalid as a matter of law. The court concluded that the safety features claimed during reissue were never described separately from the jet injector or disclosed in the particular claimed combinations. Because the original specification lacked "express disclosure" of the exact embodiments recited in the reissue claims, those claims failed to satisfy the original patent requirement.

The *Antares Pharma* decision provides guidance to potential reissue applicants and offers a significant new weapon for parties accused of infringing a reissued patent. For patentees, the decision expands the risks associated with using a reissue application to seek supplemental or complementary patent protection—the reissue applicant not only risks intervening rights and undesirable modification or loss of previously issued claims, but now faces a heightened requirement, not applicable to continuing applications, for clear and unequivocal disclosure of the

newly claimed subject matter as a separate invention. To the extent practical, new applications should clearly set forth each potential invention with detailed examples. For parties accused of infringement, the exacting *Antares Pharma* standard will provide an additional, robust basis for validity challenges against asserted reissue claims during litigation.

© MICHAEL BEST & FRIEDRICH LLP

**Source URL:** [http://www.natlawreview.com/article/antares-pharma-bolsters-original-patent-rule-reissued-patents](http://www.natlawreview.com/article/antares-pharma-bolsters-original-patent-rule-reissued-patents)