**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| WONDERLAND NURSERYGOODS CO., LTD.,<br><br>    Plaintiff,<br><br>v.<br><br>KIDS II, INC.<br><br>    Defendant. | CIVIL ACTION NO:<br><br>1:13-CV-1114-ELR |

**DECLARATION OF SCOTT P. AMY IN SUPPORT OF
KIDS II'S MOTION TO STAY THE CASE PENDING
WONDERLAND'S APPEALS OF IPR DECISIONS**

I, SCOTT P. AMY, declare as follows:

1.   I am an attorney at the law firm of Thomas Horstemeyer LLP, counsel for Defendants Kids II, Inc. in the above-captioned case. I have knowledge of the facts stated in this declaration, and make this declaration in support of Kids II's Motion to Stay the Case Pending Wonderland's Appeals of IPR Decisions.

2.   Attached is Exhibit A is a true and correct copy of the Final Written Decision of the Patent Trial and Appeal Board ("PTAB") dated June 27, 2016 in the *inter partes* review styled *BabyTrend, Inc., et al. v. Wonderland Nurserygoods Co., Ltd.,* IPR2015-00841.

3. Attached is Exhibit B is a true and correct copy of the Final Written Decision of the Patent Trial and Appeal Board ("PTAB") dated June 27, 2016 in the *inter partes* review styled *BabyTrend, Inc., et al. v. Wonderland Nurserygoods Co., Ltd.,* IPR2015-00842.

4. After the two IPR decisions issued, Kids II's counsel and Wonderland's counsel met and conferred via telephone on July 7, 2016 to discuss the impact of the IPR decisions on this litigation.

5. During that conference, Kids II's counsel proposed a stay of the entire case pending any appeal of the IPR decisions. Kids II's counsel also inquired as to Wonderland's position on how this case should proceed and/or be stayed pending any appeal of the IPR decisions.

6. In response to that inquiry, Wonderland's counsel stated in an email dated July 14, 2016 that he believed that "the parties should wait for the Special Master's Report and Recommendation before undertaking any action with the Court. After the parties have had a chance to review the Special Master's report they can then meet and confer regarding what steps seem appropriate based on the Special Master's decisions. We believe it is premature to discuss a partial or complete stay until we have the benefit of the Special Master's view on the various

issues raised in the pending motions." Attached as Exhibit C is a true and correct copy of the July 14, 2016 email from Wonderland's counsel to Kids II's counsel.

7. Soon after the parties' met and conferred, Special Master Higgins informed the parties via an email dated July 11, 2016 that he expected to file his Report and Recommendation on the nine pending summary judgment motions and one pending motion to exclude no later than August 1, 2016. Attached as Exhibit D is a true and correct copy of the July 11, 2016 email from the Special Master to the counsel of record for the parties.

8. In response, and in view of the IPR decisions invalidating all asserted claims of the '919 Patent, Kids II requested in a joint submission by the parties to the Special Master dated July 15, 2016 that the Special Master immediately cease all work on the five summary judgment motions related to the '919 Patent. Attached as Exhibit E is a true and correct copy of the July 15, 2016 joint submission by the parties to the Special Master.

9. On August 3, 2016, the Special Master indicated to the parties via email that he would not entertain or comment on Kids II's request to cease work in view of the Court's order of referral (Dkt. No. 206). Attached as Exhibit F is a true and correct copy of the August 3, 2016 email from the Special Master to counsel of record for the parties.

10. Subsequently, Wonderland filed a Request for Rehearing of both IPR decisions. The PTAB declined to modify either of the IPR decisions on September 30, 2016. True and correct copies of the Decisions declining to modify either of the IPR decisions are attached hereto as Exhibits G and H.

11. The Special Master ultimately filed his R&R on the nine pending summary judgment motions on November 24, 2016 – Thanksgiving Day.

12. The following Monday, November, 28, 2016, Kids II's counsel met and conferred with Wonderland's counsel and proposed a stay of the entire case pending the appeal of the IPR decisions. Kids II's counsel also asked whether Wonderland would instead be willing to dismiss the '919 Patent with prejudice. Kids II's counsel also proposed that the deadlines for objections to the R&Rs be stayed pending the Court's ruling on Kids II's proposed motion to stay the case.

13. In response, Wonderland's counsel indicated that Wonderland would oppose a stay of the entire case pending the appeal of the IPR decisions, was not willing to dismiss the '919 Patent with prejudice, and would also oppose any request by Kids II to stay the deadlines for objections to the R&R pending the Court's ruling on Kids II's proposed motion to stay.

14. However, Wonderland's counsel conceded that an extension of time to file objections to the R&R would be appropriate until after the holidays in light of the length and complexity of the issues in the R&R.

15. Attached as Exhibit I is a true and correct copy of the Memorandum Order Staying Case dated August 31, 2016 in the related case styled *Wonderland Nurserygoods Co., Ltd. v. Thorley Industries, LLC,* Case No. 2:13-cv-00387-MRH (W.D. Penn.).

16. Attached as Exhibit J is a true and correct copy of the Order staying the case dated June 8, 2015 in the case styled *Motion Games, LLC v. Nintendo Co., Ltd., et al.*, Case No. 6:12-cv-878-RWS-JDL (E.D. Tex.).

17. Attached as Exhibit K is a true and correct copy of an article published on Law 360 on August 15, 2016 providing statistics on the number of rulings from the PTAB in IPR proceeding in the first half of 2016 that were affirmed by the Court of Appeals for the Federal Circuit.

I declare under the penalty of perjury that the foregoing is true and correct and that this Declaration is executed on this 12th day of December, 2016 in Atlanta, Georgia.


Dated: December 12, 2016              /s/ Scott P. Amy
                                      Scott P. Amy

4815-6625-3117, v. 1